# Dane *v.* Smith, Auditor.

## *Mandamus.*

*Sheriff, allowance for victualling prisoners; power of General Assembly over.*—There is nothing in Article V, section 19 of the Constitution of 1868, or in any other portion of that instrument, which prohibits a reduction, by a subsequent statute, of the *per diem* allowance to sheriffs for victualling prisoners in jail, as fixed by statute at and prior to their induction in office.

APPEAL from Circuit Court of Montgomery.

Tried before Hon. JAMES Q. SMITH.

Dane, the appellant, was the sheriff of Mobile county prior to December 17th, 1873, when the act was passed reducing the allowance for feeding prisoners in jail to forty cents *per diem,* and continued in office until the 20th day of November, 1874. He had at various times presented his accounts to the auditor (Hon. R. T. SMITH) for feeding prisoners, claiming to be paid at the rate of fifty cents per day; but the auditor refused to draw his warrant, except for the amount due at the rate of forty cents per day, informing Dane that he must compel the payment at any greater rate by legal proceedings. Dane afterwards presented an account to the auditor, for the balance due at the rate of fifty cents per day, after crediting the amounts for which the auditor had drawn his warrants. The auditor refused to allow or pass this claim, and Dane petitioned the circuit court to compel him to do so by *mandamus.* The circuit court dismissed the petition, taxing Dane with costs, and hence this appeal.

BRAGG & THORINGTON, for appellant.—The sheriff is an officer mentioned in Article V of Constitution, whose compensation can not be diminished during his term. Fees paid him

for feeding prisoners constitute "compensation fixed by law." The act of Dec. 17th, 1873, can not apply to sheriffs in office at the time of its passage.

JOHN W. A. SANFORD, Attorney General, contra.—The amount paid for feeding prisoners, is not a salary or a fee, but merely an allowance.—Feagin v. Chisholm, 42 Ala. 516, and authorities there cited. The sheriff does not, at stated times, receive a compensation for services rendered the State. The Constitution refers merely to salaries of certain executive officers, and has no application to the sum to be paid for feeding prisoners.

STONE, J.—This case, as argued, presents but a single question, and we propose to consider only that question; namely, what allowance per diem is a sheriff entitled to for victualling prisoners after December 17, 1873—the sheriff having been inducted into office before that time? The act approved December 17, 1873—Pamph. Acts, p. 55—declares "That the sheriffs of the different counties of this State shall be allowed forty cents per day for victualling each prisoner in the jail;" and then repeals all laws and parts of laws, general or special, contravening its provisions. The act of 1868—Pamph. Acts, p. 15—had fixed the rate at fifty cents per day, and the appellant had been elected before December 17, 1873, and held his office until November 20th, 1874.

For the appellant it 'is contended that to apply the provisions of the act of December 17th, 1873, to the compensation of sheriffs then in office, will contravene section 19, article V of the Constitution of 1868. Article V is devoted to the executive department of the government; and the sheriff, being an executive officer, is provided for in that article. The article in question is composed of twenty-one sections. The first of them relate to the executive officers of the State government proper. They make no allusion to any officer of a county. In section 1 it is declared "the executive department [of the State] shall consist of a governor, lieutenant governor, secretary of state, auditor, treasurer, and attorney general." The nineteenth section declares that "The officers mentioned in this article shall, at stated times, receive for their services a compensation to be established by law, which shall neither be increased or diminished during the period for which they shall have been elected." Section 20 also relates to the executive officers of the State, but includes other officers. Its language is, " The officers of the executive department, and of the public institutions of the State," &c. These officers of the public institutions of the State, are no part of the executive department; yet, they

[*Dane v. Smith, Auditor.*]

are placed in the article of the Constitution devoted to that subject. Section 21 relates to sheriffs, who are in no sense officers of the State executive department, but are strictly and purely county officers. Yet, all these varying provisions are found in article V of the Constitution of 1868.

Sheriffs, it must be conceded, are officers *mentioned* in article V. So are "officers of the public institutions of the State," as provided for in section 20. Among this lattter class we may mention officers of the State University, officers of the Insane Hospital, and officers of the Alabama Institution for the Deaf and Dumb. For the payment of these officers, other provision has been made than "compensation established by law," and to be paid to them "at stated times." Each of these institutions has a separate system of its own, and, so far as we can learn; the compensation of none of their officials is, in strictness, "established by law." "Established by law," *ex vi terminorum*, means *declared by legislative enactment.* This can be done only by the law-making power. Such is evidently the meaning of the Constitution.

An allowance *per diem* for victualling a prisoner in jail, can in no just sense be called "compensation established by law, to be paid at stated times." It is only the declaration, or establishment of rates, or rules for ascertaining the measure of compensation, but no time is stated or fixed when the payment is to be made.

All the officers mentioned in article V are salaried officers of the State, except sheriffs and "officers of public institutions of the State." As to officers having salaries, the rule is believed to be universal that their compensation is established—"decreed by authority, and for permanence," and that such salaries are paid to them at stated times. This can not be affirmed with any propriety of the fees and allowances made to sheriffs. They are necessarily uncertain and variable in amount, dependent on the amount of official service they may be required to perform.

If it could be successfully shown that by the Constitution of 1868 the convention intended to make a change in the mode of compensating sheriffs, by giving them a fixed salary—compensation to be established by law, and paid at stated times—this would not aid the present appellant. Such clause would not be self-executing, but would require legislation to give it vital energy. There has been no legislation on the subject. On the contrary, the compensation of sheriffs is still left in the form of fees and allowances, as it stood before the adoption of the Constitution of 1868.

(5)

[Jones et als. v. Wilson.]

Another argument: Both before and since the adoption of the Constitution of 1875, the secretary of state and the auditor received a fixed salary for their services. These were established by law, and were payable at stated times. Under section 19, article V, these could not be either increased or diminished during their continuance in office. But, before 1875 they were each entitled to fees also for certain services.—See Revised Code, sections 77 and 93. The argument for the appellant, if adopted, would compel us to hold that these fees, as well as the salaries of said officers, could neither be increased or diminished during the period for which they were elected. Yet, they are not payable at stated times, and, in the very nature of things could not be made so payable. It could not be known when, or to what extent such services would be required. Hence, both the amount and time of payment were necessarily uncertain. We can not think such fees were had in contemplation, or, are embraced in section 19, article V of the Constitution.

In any view we can take of this case, the appellant fails to show a claim to compensation, which the legislature, in its wisdom, may not either increase or diminish; and we hold that such change may and does operate on sheriffs, who at the time, were in office.

The circuit court did not err in refusing to award a peremptory mandamus, and its judgment is affirmed.