[Brandon, Auditor, v. Askew, Solicitor.]

# Brandon, Auditor, *v.* Askew, Solicitor.

## *Mandamus.*

(Decided Jan. 19, 1911.   Rehearing denied Feb. 16, 1911.
54 South. 605.)

1. *Statutes; Local Law; Matter Provided for by General Law.*—General Acts 1907, p. 255, creating the 15th Circuit, and fixing the salary of its solicitor at $1,800, is not in contravention of section 105, of the Constitution of 1901, notwithstanding there is a general statute fixing the salary of circuit solicitors at $2,400, as such limitation of the salary of such solicitor is not provided for by the general statute, and the court is without the power to grant relief.

2. *Same; Repeal; Code.*—Section 10, Code 1907, expressly saves local laws from repeal by the adoption of the Code.

3. *Same; Repeal of Special by General Statute.*—General Laws 1907, p. 255, was not repealed by General Laws 1907, p. 367, since the latter statute, neither expressly nor by implication dealt with the subject of salaries.

4. *Statute; Enactment; Amendment.*—Section 64, · Constitution 1901, does not require that the legislative journals shall show a concurrence in· the amendment.

5. *Same; Amendment Proposed by Governor.*—Section 125, Constitution 1901. while requiring the amendment made by the legislature to contain what the governor proposed and nothing else, does not prevent formal changes in the proposal of the governor so as to put it in proper form for submission to a vote.

6. *Same; Local Laws; Salaries and Allowances.*—A salary is a fixed compensation decreed by authority and for permanence, to be paid at intervals, and depending on time and not on services rendered.   An allowance is of the same nature with fees, commissions and percentages which are uncertain and variable in amount, and depending on the rendition of services, which may or may not be required or performed. and which sometimes depend on the discretion of the court as to ordering their payment.   Hence, section 96, and subdivision 24 of section 104, Constitution 1901, have no application to the salary of a solicitor of a judicial circuit, and viewed in the light of the use of the word, "salary" in section 167, and 281, Constitution 1901.

APPEAL from Montgomery City Court.

Heard before Hon. W. W. PEARSON.

Mandamus by D. D. Askew as Solicitor, against W. W. Brandon, as Auditor, to require him to issue a warrant for the difference between the salary paid Askew

as Solicitor, and the sum paid other Circuit Solicitors. From an order granting the prayer of the petitioner, the Auditor appeals. Reversed and rendered.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for appellant. It is not essential under section 64, Constitution 1901, that the House or Senate Journals show that the bill as amended was passed in its entirety. The requirement is that the Journal of the House adopting the amendment simply show its adoption.—*State v. Porter*, 148 Ala. 541. It is not required by section 125 of the Constitution that the legislature adopt the proposal of the Governor, as proposed by the Governor, verbatim. It is sufficient if it be substantially the same. *State ex rel. v. Martin*, 160 Ala. 181. General Acts 1907, p. 255, was not repealed as to salaries by General Acts 1907, p. 367. The Act fixing the salary was not void because the salaries of circuit solicitors was fixed by section 5527 of the Code of 1907, nor is the act in contravention of section 105, and sections 96 and 104 of the Constitution.—Sec. 167, and 281, Constitution 1907; *Jackson County v. Derrick*, 117 Ala. 348; *Ex parte Kelly*, 153 Ala. 168; *City of Ensley v. Simpson*, 160 Ala.

B. K. McMORRIS, for appellee. The Act of March 7, 1907, was a local law.—*State ex rel. Attorney General v. Sayre,* 142 Ala. 641. This act was unconstitutionally passed for the reasons that the Senate after the adoption of the House amendment, did not pass the bill as amended, and neither the Senate nor the House after the adoption of the amendment proposed by the governor passed the bill as a whole.—Secs. 125 and 64, Constitution 1901. The Act of March 2, 1907, was repealed by Act of March 6, 1907.—*Proull v. The State*, 142 Ala. 80; *Edson v. The State*, 134 Ala. 50; 64 Miss. 541. The

salary of a public officer cannot be fixed by a public act where there is a general law covering the subject.—Sections 96 and 104, Constitution 1901; 19 Cyc. 464, and cases cited; *Fabers v. Glass,* 22 Ala. 621; *Wetumpka v. Winter,* 29 Ala. 651. The Act of March 2 is repugnant to section 105, Constitution 1901; *City Council of Montgomery v. Reese,* 149 Ala. 188; *McWhorter v. Lowndes County,* 52 South. 750; *Norwood v. Goldsmith,* 53 South. 84; *Griffin v. Drennen,* 145 Ala. 128.

SAYRE, J.—By the act of March 2, 1907 (Gen. Laws 1907, p. 255), the Fifteenth judicial circuit was created, with a judge and solicitor. It was provided that the salary of the solicitor should be $1,800 per annum, and the solicitor, appointed by the Governor on March 7, 1907, has since that time been in receipt of the salary provided by the act. Now he seeks to have the auditor draw a warrant in his favor for the difference during his incumbency between the salary as fixed by the act creating the Fifteenth circuit and the salary of other circuit solicitors which has been fixed since February 21, 1893, at $2,400 per annum.—Code 1896, § 5527; Code 1907, § 7791. These sections provide in identical language as follows: "The solicitor of each judicial circuit shall be paid a salary of twenty-four hundred dollars per annum, in monthly installments, on the warrant of the auditor drawn upon the treasurer." By an act approved March 6, 1907, the state was divided into 16 circuits.—Gen. Acts 1907, p. 367. This act also provided for the Fifteenth circuit. It provided that the Governor should immediately appoint a judge and a solicitor for circuits in which vacancies in such offices existed. It did not deal with the subject of salaries. As has been indicated, petitioner was appointed on the next day. The Code of 1907 was adopted by an act approved July 27, 1907, and became operative May 1, 1908. Pe-

titioner's argument in its several aspects has sought to eliminate the act of March 2, 1907, and thus to bring his case within the operation of the general law affecting the salaries of solicitors.

In his opinion, which has been incorporated into the transcript, the learned judge of the Fifteenth circuit held that the act of March 2, 1907, was violative of section 105 of the Constitution of 1901. The relevant provision of that section is expressed as follows: "No special private or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state." His theory, we gather, was that so long as there is to be found in the statute book a law fixing the salary of circuit solicitors in general terms, the Legislature is without power, when creating a new office of that character, to fix the salary of the new officer at a different amount. This opinion involved of course a holding that the act under consideration is a local act. And it has been so held.—*State ex rel. Attorney General v. Sayre,* 142 Ala. 641, 39 South. 240. Whatever of obscurity there may be in this provision of the Constitution, it is certain that it was not intended to prohibit all local legislation. It was not intended to prohibit local legislation on subjects according to any specific classification. That was done in section 104, where those classes of local laws which were to be prohibited are catalogued, and presumptively the framers of the Constitution said in that section all they intended to say on that subject. It was not intended to operate against local legislation in those cases where à local statute undertakes to do something that has been precisely done in a general law. It could not be assumed that the Legislature would waste its time in the duplication of statutes. But if the local bill

proposes something different from the provisions of the general law, and not within the catalogue of section 104, and in a case where the relief may not be had in some proceeding outside of the Legislature, how has it been provided for, and where is the inhibition to enact the local law? It seems, then, that this provision of the Constitution was intended to prohibit the enactment of special, private, or local laws to meet the purposes of particular cases which may be accomplished by proceedings outside of the Legislature under the provisions of general statutes enacted to meet all cases of that general character. And it is made the duty of the Legislature to pass general laws under which local and private interests shall be provided for and be protected.—Const. § 109. Such seems to have been the acceptance of this provision in *City Council of Montgomery v. Reese,* 149 Ala. 188, 43 South. 116. It may be conceded that if the Legislature creates a new judge or solicitor, in the absence of provision to the contrary, the new officers would take their salaries under the general provision of the Code. But no Legislature can dispose of the right of its successors to provide for and protect a local, special or private interest by local, special or private law, except by the enactment of a general law under which the local, special, or private interest may be adequately provided for and protected without further legislation. There was, of course, and could be, no way of providing for a new circuit with its necessary officers except by a legislative enactment for that purpose. New circuits may therefore be arranged and the salaries of its officers fixed according to the legislative opinion at the time of the public necessity for which provision and relief is to be made. In our opinion the statute creating the Fifteenth circuit, as for the objection here taken to it, evidences in all its parts a

valid exercise of the legislative power.—*Ensley v. Simpson,* 166 Ala. 366, 52 South. 61.

Petitioner seems to contend that so much of the act as fixes his salary at $1,800 was repealed by later enactments. The adoption of the Code of 1907 did not have that effect because local laws are expressly saved by section 10 of that Code. Nor did the act of March 6th. Neither expressly nor by any sort of implication did that act deal with the subject of salaries. The bill to create the Fifteenth circuit originated in the Senate. In the House it was amended and as amended passed. Upon its return to the Senate the House amendment was concurred in. It was then sent to the Governor for his approval. The Governor returned the bill to the Senate with a formal proposal of an amendment. Both the Senate and the House concurred in the amendment. The journal of the Senate shows the names of those voting for and against concurring in the House amendment, and the journals of both houses show the same fact in respect to concurrence in the amendment proposed by the Governor. We understand the petitioner (appellee) to advance two propositions in this connection: (1) That on each occasion of concurrence in the amendment of the bill it was necessary that the journals should be made to show a vote upon the amended bill in its entirety; (2) the Governor has no power to amend bills, but that, when he proposes an amendment which will remove his objection, "the house to which it is sent may so amend the bill," meaning by this argument, we take it, that some member of the house must offer the amendment in the formal way of amendments originating there. General legislative practice, far older than the Constitution in which the first of the provisions in question appears, and not at all in conflict with it, has sanctioned the method adopted by the

two houses in the case of this bill. The journals disclose the concurring will of the two houses in every particular. There is no reason why either branch of the Legislature, when concurring in amendments proposed by the other or by the Governor, should vote again upon such parts of the proposed law as have already received the approval of both. It cannot be assumed that any member gives his assent to amendments under such circumstances with a reservation against the bill as a whole. Section 125 of the Constitution provides that an amendment proposed by the Governor shall not be itself amended, and common parliamentary law and usage is that when one house proposes an amendment to a bill passed by the other, and returns the bill to the house in which it originated for concurrence, the sole question at that stage is upon the concurrence or nonconcurrence. The Constitution contains nothing to the contrary. Section 64 provides that "no amendment to bills by one house shall be concurred in by the other, unless a vote be taken by yeas and nays, and the names of the members voting for and against the same be recorded at length on the journal." With this requirement there was literal compliance. As for the second proposition, section 125 of the Constitution recognizes the right of the Governor to propose amendments. If he does so in such formal shape as to make the question ready for submission to a vote, there exists no occasion for further formality in order to get the question before the Legislature. But whether or not it be necessary to put the Governor's proposal in formal shape for submission to a vote, in either event the amendment is proposed by the Governor. It must contain what the Governor proposes and nothing else. The act in this case was passed in perfect conformity with section 125 of the Constitution.

Section 96 of the Constitution provides that "the Legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, fees, commissions or allowances of public officers." Subdivision 24 of section 104 provides that no special, private, or local law shall be passed "creating, increasing or decreasing fees, percentages or allowances of public officers." An invariable rule of statutory construction requires that every reasonable intendment must be indulged in favor of the act. This rule cannot be set aside upon any considerations of mere policy supposed to be observable in the general current of legislation, unless that policy is also found clearly expressed in the letter of the Constitution. In view of the use of the word "salary" at other places in the Constitution, its omission from the two sections just quoted is significant. In section 281 the language is as follows: "The salary, fees or compensation of any officer holding any civil office of profit under this state, or any county or municipality thereof, shall not be increased or diminished during the term for which he shall have been elected or appointed." And in section 167, which provides that there shall be a solicitor for each judicial circuit, the language is that "he shall receive no other compensation than a salary, to be prescribed by law." A salary is a fixed compensation "decreed by authority, and for permanence," is paid at stated intervals, and depends upon the time, and not the amount of services rendered.—*Dane v. Smith,* 54 Ala. 47; *Benedict v. United States,* 176 U. S. 357, 20 Sup. Ct. 458, 44 L. Ed. 503. During the last 50 years at least sheriffs have been compensated for services in criminal cases by "fees and allowances." In *Dane v. Smith, supra,* it was said that an allowance per diem for victualling prisoners in jail could in no sense be called "compensation established by

[State, ex rel. Phillips v. Benners, Chancellor.]

law, to be paid at stated times." Solicitors are certainly not compensated by fees, costs, commissions, or percentages. Can their salaries be said to be allowances within the meaning of that term as used in sections 96 and 104? Allowances are of the same nature with fees, costs, commissions, and percentages. They are uncertain and variable in amount. They depend upon the rendition of services which may or may not be required or performed, and sometimes upon the discretion of the court ordering their payment. We have no difficulty in reaching the conclusion that solicitors are not compensated by allowances, but by salaries only, and that the constitutional provisions here relied upon by the appellee have no bearing upon his case.

The judgment of the court below will be reversed, and a judgment here rendered dismissing the petition for mandamus at the petitioner's cost.

Reversed and rendered.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.