(92 South. 23)

### RILEY et al. v. LOUISVILLE & N. R. CO.
(6 Div. 887.)

(Court of Appeals of Alabama. June 7, 1921. Rehearing Denied Oct. 4, 1921.)

1. Costs ⟺174(2)—Commission for collecting delinquent judgment by clerk of circuit court, paid county treasurer, properly taxed as cost.

By authority of second constitutional amendment, the Legislature, by Loc. Acts 1915, p. 374, changed the method and basis of compensation of officers of Jefferson county, providing a salary for clerk of circuit court, and that thereafter fees authorized by law collected and retained by county officers should be paid into county treasury, and hence a commission collected by the clerk for collection of judgment not paid within 30 days as authorized by Gen. Acts 1919, p. 884, is not an increase in the clerk's fees or compensation during his term of office, nor violative of Const. 1901, § 281, and should be taxed as an item of cost.

### On Application for Rehearing.

2. Appeal and error ⟺833(5)—Brief on rehearing necessary.

Under provisions of rule 38 of Supreme Court (77 South. vii[1]), the Court of Appeals is

without authority to consider application for rehearing; the appellee having failed to file brief as required by rule 13 (175 Ala. xviii, 61 South. vii) of the Supreme Court.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Motion by Louisville & Nashville Railroad Company, to retax the cost in the case of Fred C. Riley and others, for the use of Jefferson County, against the Louisville & Nashville Railroad Company.' From a judgment granting the motion, respondents appeal. Reversed and rendered.

W. K. Terry, of Birmingham, for appellants.

The authority for collecting the item of cost is found in the concluding sentence of the section (Acts 1919, p. 885, amending section 3713, Code 1907), and the adoption of the constitutional amendment gave the Legislature authority to change the fees and costs in Jefferson county at any time, whether during the term of an officer or not, as the fees then went to the county, and not to the officer.

Tillman, Bradley & Baldwin, of Birmingham, for appellee.

If construed as a local law, then the act referred to is violative of section 106 of the Constitution; and if construed as a general law, the act is violative of section 68 and 281 of the Constitution.

MERRITT, J. This cause is submitted under the following agreed statement of facts, viz.:

"In this cause, it is agreed that the bill of cost hereto attached as Exhibit A was and is the bill of costs in the above-entitled cause for the retaxing of which the motion in this cause was made and granted, and that the said bill of costs in every particular was a true and correct bill of costs in said cause, with the exception of the item of one-half commissions, $6.51, and that as to said item the amount there charged was and is true and correct if the clerk of said court had legal authority to include said item in the bill of costs; the defendant ·in the above-entitled cause based said motion to retax the costs upon the ground that there was and is no authority in law for the charging by the clerk of commissions for collecting said judgment; that said item was and is the true amount of commissions to which said clerk would be entitled to collect for collecting money on judgments wherein said judgment has not been paid within 30 days after its rendition, as provided in an act of the Legislature of Alabama approved September 30, 1919, entitled, 'An act to amend section 3713 of the Code of Alabama of 1907' (General Acts of 1919, p. 884); that Jefferson county, being the beneficial owner of said item of costs, may prosecute an appeal to the Supreme Court of Alabama in the name of the plaintiff in the above-entitled cause for the use of Jefferson county; that the term of the present clerk of said court commenced on the 15th day of January 1917."

It will be noted that the only item of cost in controversy, is that of $6.51, being the amount of commission that it is claimed the clerk should collect, by virtue of an amendment to Code, § 3713, approved September 30, 1919 (Acts 1919, p. 885). The trial court refused to tax this as an item of cost, on motion of the appellant; hence this appeal. The idea of both appellant and appellee seems to be to get a decision of the question as to whether or not this item is a correct charge, it being provided for by an act going into effect after the term of the present clerk commenced, his term beginning on September 15, 1917. It appears that appellee's contention is that the allowance of this charge would in effect be an increase of the clerk's fees or compensation during his term of office, and in violation of section 281 of the Constitution (1901) of Alabama. In our opinion this question is not, neither can it be, presented for consideration under the facts in this case.

[1] Under the second amendment to the present Constitution (Acts 1911, p. 47), the Legislature was empowered, from time to time, by general or local laws, to fix, regulate, and alter the cost, charges of courts, fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson county including the method and basis of their compensation. In pursuance of such authority the Legislature did by an act approved September 14, 1915 (Local Acts 1915, p. 374), change the method and basis of compensation of the officers of Jefferson county, by providing a salary for such officers. By said act it was provided that the clerk of the circuit court should be paid an annual salary of $3,600, instead of fees; that this salary should be paid monthly out of the county treasury, and that, after the act went into effect, the cost, charges of courts, fees, and compensations theretofore authorized by law collected and retained by the several officers of Jefferson county should continue to be collected, but should be paid into the county treasury by the officer collecting the same, as other moneys belonging to the county are paid.

It will thus be seen that the item of cost in controversy here does not go directly to the clerk, but, "into the county treasury * * * as other moneys belonging to the county are paid," and that the collecting of this item will neither increase or decrease the present clerk's salary, fees, or compensation during' his term of office, and consequently cannot fall within the inhibition of section 281 of the Constitution. Therefore, so far as the clerk of the circuit court of Jefferson county is concerned, the Legislature was well within its province in providing for the item of costs in controversy here,

and also making the same effective 60 days after its passage. Of course it must be understood that what is said here is confined strictly to the clerk of the circuit court of Jefferson county, and no opinion or expression herein is intended to apply to any other circuit clerk. The judgment of the circuit court not being in harmony with the views expressed above, the same is hereby reversed, and a judgment here rendered in favor of the appellant.

Reversed and rendered.

#### On Application for Rehearing.

PER CURIAM. [2] Under the provisions of rule 38 of the Supreme Court (77 South. vii[2]). this court is without authority to consider the application for rehearing, the appellee having failed to file brief as required by rule 13 (175 Ala. xviii, 61 South. vii).

Application for rehearing is dismissed.

---

⬅⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

