(117 So. 626)

**HENRY, County Treasurer, v. STATE ex rel. HARTSFIELD. (6 Div. 45.)**

Supreme Court of Alabama. Jan. 28, 1928.

Rehearing Granted June 28, 1928.

72

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

Mullins & Jenkins, of Birmingham, for appellee.

PER CURIAM. While an attempt is made to clothe the act in question with generality by making it applicable to all counties that now have, or may have, more than 200,000 population, upon the classification theory it cannot possibly apply, in the present or future, to any county in the state, unless some other county not only attains 200,000 inhabitants, but also procures the adoption of an amendment to section 96 of the Constitution and perhaps other sections. As the act of necessity applies to Jefferson county alone, present and future, it is unquestionably a local law under section 110 of the Constitution, and, as no notice was given of an intention to apply for the passage of same as required by section 106 of the Constitution, it was not validly enacted. Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41; Opinion of Justices, 216 Ala. 469, 113 So. 584. Indeed, the Harry Case was referred to and construed in such opinion, supra, as holding that similar acts were local, and could not be validly enacted, unless notice was given as required by section 106 of the Constitution, and this opinion was addressed to, and received by, the Legislature long before the passage of the act in question, and should have removed all misleading tendencies of the opinion on rehearing in the Harry Case, supra, if any there were.

It is true the Jefferson county amendment authorizes the fixation of the salaries by a general or local law, but said amendment does not displace or modify sections 106 and 110 of the Constitution so as to do away with the necessity for a compliance

therewith in case resort is had to a local law.

Long prior to the adoption of the constitutional amendment of November 16, 1912 (see Gen. Acts 1911, p. 47), providing that "the Legislature of Alabama may hereafter, from time to time, by *general* or *local* laws fix, regulate and alter, etc., these terms, 'general,' and 'local,'" laws had been defined by section 110 of the Constitution as follows: "A general law within the meaning of this article is a law which applies to the whole state, *a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole*," and this court had by repeated decisions sustained this definition, and held void all such local laws as were not passed in compliance with section 106 of the Constitution. Therefore it must be assumed that the Legislature, in preparing the Jefferson county amendment, and the people in adopting it, were familiar with the provisions of the Constitution, and used these terms in the sense they are defined by section 110.

The response in the Harry Case and reference to other acts was merely arguendo, and did not destroy the integrity or force of the real holding as set forth in the original opinion. We are not advised that the point here considered has ever been decided contrary to the present holding in passing upon the said acts. But, if said acts, or any of them, possess the infirmity involved in the present case, that fact should not, and could not, defeat this court from correctly deciding the present issue; each tub must stand upon its own bottom.

We are constrained to hold that the act is repugnant to sections 106 and 110 of the Constitution, and the trial court erred in awarding the mandamus, and the judgment of the circuit court is reversed, and one is here rendered denying the writ of mandamus.

Reversed and rendered.

ANDERSON, C. J., and SAYRE, SOMERVILLE, and BROWN, JJ., concur.

THOMAS, J. (dissenting). ▪ It is a general rule of constitutional construction that the court will hold valid a statute—relating to governmental policy or conduct of public officers—unless convinced beyond a reasonable doubt that it is unconstitutional. The burden is on him who attacks a statute to show the provision of organic law that such legislative enactment offends. Macon County v. Abercrombie, Judge, 184 Ala. 283, 63 So. 985; Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231. See Williams, Probate Judge, v. Schwarz, 197 Ala. 45, 47, 72 So. 330, Ann. Cas. 1918D, 869, for authorities.

▪ It is further established that a legislative construction evidenced by a re-enactment, etc., will be given due consideration or great weight, that is to say, a legislative construction of a constitutional provision is not accepted as final and binding by the judiciary, yet such construction is influential when the provision is of doubtful meaning or effect, and the Legislative interpretation of that provision has not been questioned, acquiesced in, and acted upon for a considerable period. On the other hand, it is the law that a legislative construction can have no effect against the plain mandate of the Constitution. Ex parte Hardy, 68 Ala. 303; Moog v. Randolph, 77 Ala. 597; Board of Revenue of Jefferson County v. Huey, 195 Ala. 83, 70 So. 774; Jones v. McDade, 200 Ala. 230, 235, 75 So. 988; Willett v. Weaver, 205 Ala. 268, 87 So. 601; Board of Revenue v. Hewitt, 206 Ala. 405, 90 So. 781; State ex rel. Brooks y. Gullatt, 210 Ala. 452, 98 So. 373.

▪ The rules stated in Ex parte John Hardy, supra, are, that Constitutions are to be construed in the light of common law and of previously existing Constitutions; that provisions designed for the protection of life, liberty, and property are to be liberally construed in favor of the citizen, thus differentiating such personal rights from governmental policies, administrative functions, and conduct of public office and the rule of constitutional construction and presumptions obtaining or applicable thereto; and "the uniform legislative interpretation of doubtful constitutional provisions, running through many years, is of weighty consideration with the courts, as is also the contemporaneous exposition of the bar, and the acquiescence of the bench. Contemporanea expositio est optima et fortissima in lege. 2 Inst. 11; Cooley's Const. Lim. 81." See Cooley's Const. Lim. (7th Ed.) pp. 70, 105; Ex parte John Hardy, 68 Ala. 303, 318. The foregoing rules are adhered to in this jurisdiction. Ward v. McDonald, 201 Ala. 237, 244, 77 So. 827; Jones v. McDade, 200 Ala. 231, 235, 75 So. 988; Goolsby v. State, 213 Ala. 351, 353, 104 So. 901.

The effect of the Jefferson county salary amendment to the Constitution is:

"The Legislature of Alabama may hereafter, from time to time, by general or local laws, fix, regulate and alter the costs, charges of courts, fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson county, including the method and basis of their compensation." Gen. Acts of 1911, p. 47.

The adoption of that amendment in November, 1912, authorized the Legislature, by general or local laws, to regulate, fix, and alter (1) the costs and charges of courts; (2) the fees, allowances, commissions, or salaries to be charged or received by *any county officer*; (3) and including the method or

basis of their compensation; (4) and these changes may be made from *"time to time"* as the Legislature may enact.

The case of Sloss-Sheffield S. & I. Co. v. Brooks, 19 Ala. App. 109, 96 So. 81, was affirmed on certiorari by this court. Ex parte Sloss-Sheffield S. & I. Co., 209 Ala. 264, 96 So. 82. The statute approved was to permit the circuit clerk to charge a fee for collecting a judgment not paid in 30 days. Gen. Acts 1919, pp. 884, 885. It was declared that under this amendment to the Constitution the Legislature could pass a general law increasing fees of county officials without offending the uniformity sections, and that as to special, private, and local laws (sections 96, 104) of the Constitution, and that the Legislature could authorize and make increases of fees and compensation of county officials of Jefferson county during the term of their office, for which they shall have been elected or appointed, and not offend section 68 and section 281 of the Constitution. It was declared of the last indicated sections of the Constitution:

"This court has expressly held that the provisions of the act now under attack did not violate section 281 of the Constitution of 1901. Riley et al. v. L. & N. R. Co., 18 Ala. App. 279, 92 So. 23. And, it, of necessity, follows that with respect to the contention here urged it does not infringe upon the limitations contained in section 68 of the Constitution of 1901."

In the thus approved case of Riley v. L. & N. R. Co., 18 Ala. App. 279, 92 So. 23, upon authority of the Jefferson county salary amendment, and the local act of 1915 (Local Laws, p. 374), which placed the compensation of the judge of probate, sheriff, clerk, tax assessor, and tax collector on a salary basis and required costs, fees, and charges to be paid into the county treasury by the officer collecting the same, it was held that a commission collected by the clerk, on a delinquent judgment, authorized by Gen. Acts 1919, p. 884, was not an increase in the clerk's fees or compensation during his term of office that violated section 281 of the Constitution so far as concerned Jefferson county and its said official.

In Waldrop v. Henry, 207 Ala. 128, 92 So. 425, it was declared that the amendment (Seay's Comp. Amendment to Const. p. 2) exempts officers of Jefferson county (circuit clerks), as to the change of salaries by the Legislature, from the limitation of the Constitution, § 96. To the same effect is Osborn v. Henry, Treas., 200 Ala. 353, 76 So. 119.

The authority upon which the treasurer of Jefferson county no doubt relies, in his construction of the Acts of August 13 and September 6, 1927 (Gen. Acts 1927, pp. 268, 565), as to salaries of certain officers of said county, is Birmingham Elec. Co. v. Harry, 215 Ala. 458, 459, 111 So. 41. It was held invalid as a local law and for the lack of the required notice. That decision, as to the library tax (Gen. Acts 1919, p. 825), declaring the same unconstitutional as a local law, was:

"It is conceded on all hands that, if the act is local. it is nullified by section 106 of the Constitution which requires publication in such cases, prior to the introduction of the bill, proof of which shall be spread upon the journals of the legislative houses, and that:

" 'The courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section.'

"Section 110 of the Constitution is familiar. It defines general and local laws as follows:

" 'A general law within the meaning of this article [the article on the legislative department] is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole.'

"According to these definitions, the law in question is a local law, unless the classification which it attempts saves it from that class, suffices to make of it a general law. Its claim to generality rests entirely upon that classification. But the operation of the amendment, supra, is limited to one county; the operation of the act in question *is now and always will be limited to one county."* (Italics supplied.)

It should be noted, however, that, on rehearing, the court further limits the extent of that decision as follows:

"If the opinion heretofore written may be understood in the sense in which it was intended, there need be no apprehension ˅ bout the constitutional validity of certain ɛ ˅ of the Legislature at the session of 1919 r ˅ ˅ ˅g the salaries of public officers in Montgʊ ˅ ˅ ˅ county. Obviously a majority of these acts are wholly untouched by section 96 of the Constitution. * * *

"By a later addition to appellee's brief, acts to be found on pages 15, 19, 21, 86, 151, 220, 248, 268, 269, 342, and 552, of the Acts of 1923, are called to our attention as further illustrating the legislative construction of the Constitution. These acts all relate to salaries of public officers in Jefferson county. Salaries of public officers in Jefferson county are also mentioned in the constitutional amendment of 1912. But salaries of public officers are not affected by section 96 of the Constitution. * * *

"These numerous legislative acts, referred to, have in truth nothing to do with this case; but, to allay apprehension, we have given them notice as above."

█ The many acts specifically referred to in that opinion (on rehearing) were in the language employed in the acts now assailed, differing only in title of the office and amount of the salary so fixed, etc. The reason why the court did not except (in Harry's Case) or include in the list of acts of 1923, "untouched" by that decision, or not affected thereby, the Act of 1923, p. 296, fixing the salary of the sheriff of Jefferson county, was the failure of a proper index locating the same. The classification employed in the acts before us is that of the acts cata-

logued in the opinion on rehearing in Birmingham Elec. Co. v. Harry, supra, and declared not affected by that decision. That classification was that in all counties of this state having more than 200,000 population according to the last or any succeeding federal census, etc., and was general in its application. The last-named act, as to the compensation of the sheriff, was adopted during the term of the then incumbent in office, was made effectual upon approval, and has been acted upon by public authorities as a valid enactment.

The foregoing from this court, by way of its approval of classification of a valid enactment under the Constitution as amended in Jefferson county, gave assurance to the legislative department of government of the sufficient form and substance of such general law and classification that may be employed. Acting upon such construction and assurance, the Legislature enacted the statutes in question (Gen. Acts 1927, p. 565, as to compensation of the sheriff, and pages 268, 269, to fix and regulate the compensation of the register of the circuit court) in form and substance, as approved by this court on rehearing in Birmingham Elec. Co. v. Harry, 215 Ala. 458, 111 So. 41.

This court is asked to strike down said act as a "local law," and for the lack of notice, because it may not become presently effective in each county of the state not on a salary basis of compensation. In effect, this was the insistence that was rejected in State ex rel. Collman v. Pitts, Probate Judge, 160 Ala. 133, 49 So. 441, 686, 135 Am. St. Rep. 79, as to the prohibition law having operation in some counties of the state and postponed in operation in other counties, because of local statutes of force. Such is the effect of State ex rel. Woodward v. Skeggs, 154 Ala. 249, 46 So. 268; State ex rel. Brown v. Porter, 145 Ala. 541, 40 So. 144; State ex rel. Covington v. Thompson, 142 Ala. 98, 38 So. 679.

We have indicated that, by the act approved September 3, 1919 (Gen. Acts, 1919, p. 258), it is provided that, in all counties having a population of 200,000 or more, according to the last or any subsequent federal census, where the compensation of county officers is on a salary basis, the fees, charges, and commissions of all such officers shall be paid into the county treasury; that the act shall go into effect immediately upon its passage, and all laws and parts of laws in conflict therewith are repealed. By the act now under attack, and (as we have indicated) its predecessors as well, as by various other acts relating to other officers, the salaries of all officers in counties of over 200,000 population have been fixed on a salary basis; and, by the laws already in force, any county reaching a population of 200,000 has its county officers automatically placed upon a salary basis.

The Jefferson county salary amendment to the Constitution permits such a law in that county to be and to become effective on its passage as enacted by the Legislature "from time to time;" passed, as it was, in the form of a general law. Such is the application to the incumbent in office and his right to increased compensation during the term, for it is so provided by the Jefferson county amendment that the Legislature, by "general or local," may from "time to time" regulate and alter the costs, charges, fees, commissions, allowances, or salaries to be charged or received by any county officer of Jefferson county.

To repeat, the acts in question are in form and fact general laws, and that authorized by the amendment to the Constitution. They are of the class of legislative enactments, as to policy and administration, that cannot be declared unconstitutional by the courts, unless shown beyond a reasonable doubt to be offensive to organic law. This, the minority have sought to indicate, cannot be held null and void under the foregoing authorities and the opinion on rehearing in Birmingham Elec. Co. v. Harry, 215 Ala. 458, 111 So. 41.

Justices GARDNER and BOULDIN concur in the foregoing dissent, and Mr. Justice BOULDIN further states his views as follows:

When the Birmingham amendment to the Constitution was adopted, it was settled by decisions of this court, and still is, that, as a rule, an act applicable to all counties of given population may be a valid general law, although at the time it was effective only in one county. A general law of local effect had become an established rule of legislation much employed for Jefferson county.

The prime purpose of the amendment was to get away from the fee system, but its authors took care to employ very inclusive terms to confer on the Legislature full power over the subject of fees, allowances, and salaries of officers in Jefferson county. It declares the subject may be dealt with by "general or local law." We are not unmindful of the rule that words thus used are to be taken in the sense defined by the Constitution.

We have another rule that each provision should have some field of operation—some reason for its appearance therein.

Without any mention of general or local law, clearly the amendment would have been made effective by local legislation, and, if desired to go back to the general system of laws in the state, this would have been accomplished by merely repealing the local law.

Does not the amendment import that the ends named in the amendment, fixing fees and salaries in Jefferson county alone, may

be accomplished by a general or local law? The occasion for the amendment was to take Jefferson county out of the provisions of section 96, requiring uniformity among the counties, of subdivision 24, § 104, permitting no local law on the subject, and of section 281, forbidding the increase of salaries during the term of office. This much has been settled by our former decisions.

To say that section 281 renders invalid an act which but for its presence would be a valid general law is to hold the framers of the amendment intended to remove the ban of this section as to Jefferson county for one purpose, but not for another.

I think it not unreasonable to think that inclusion of "general" law in the amendment was to permit a general law, effective only in Jefferson county, unaffected by the fact that, without a change of section 281, it can never become operative in any other county.

The rule of construction is that, if there are two reasonable interpretations of a constitutional provision, that will be adopted which will uphold legislation, although it may not seem the better construction.

On full reflection I cannot say beyond reasonable doubt the Jefferson amendment does not authorize a general law of local effect, a type of general law then fully recognized.

It seems to me this court will be impelled to recede from what was said in Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41, in the main opinion, or from what was said to appease apprehension on rehearing. I do not think the acts referred to on rehearing can be differentiated on the grounds there stated. I have concluded that case should be overruled.

In this Justices GARDNER and THOMAS concur.

### On Rehearing.

The application for rehearing is granted, the judgment of reversal is set aside, and the judgment of the circuit court is affirmed.

On rehearing Justices SOMERVILLE, GARDNER, THOMAS, BOULDIN, and BROWN concur in granting the rehearing and affirmance of judgment below. Justices THOMAS and BOULDIN have heretofore expressed their views. Mr. Justice GARDNER concurs therein. Mr. Justice SOMERVILLE concurs in the result of the affirmance. Mr. Justice BROWN concurs in granting the rehearing for reasons stated in his concurring opinion as follows:

BROWN, J. (concurring). In Brandon, Auditor, v. Askew, Sol., 172 Ala. 167, 54 So. 608, it was observed that:

"Section 96 of the Constitution provides that 'the Legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, fees, commissions or allowances of public officers.' Subdivision 24 of section 104 provides that no special, private, or local law shall be passed 'creating, increasing or decreasing fees, percentages or allowances of public officers.' An invariable rule of statutory construction requires that every reasonable intendment must be indulged in favor of the act. This rule cannot be set aside upon any considerations of mere policy supposed to be observable in the general current of legislation, unless that policy is also found clearly expressed in the letter of the Constitution. In view of the use of the word 'salary' at other places in the Constitution, its omission from the two sections just quoted is significant. In section 281 the language is as follows: 'The salary, fees or compensation of any officer holding any civil office of profit under this state, or any county or municipality thereof, shall not be increased or diminished during the term for which he shall have been elected or appointed.' And in section 167, which provides that there shall be a solicitor for each judicial circuit, the language is that 'he shall receive no other compensation than a salary, to be prescribed by law.' A salary is a fixed compensation 'decreed by authority, and for permanence,' is paid at stated intervals, and depends upon the time, and not the amount of services rendered. Dane v. Smith, 54 Ala. 47; Benedict v. United States, 176 U. S. 357, 20 S. Ct. 458, 44 L. Ed. 503. During the last 50 years at least sheriffs have been compensated for services in criminal cases by 'fees and allowances.' In Dane v. Smith, supra, it was said that an allowance per diem for victualing prisoners in jail could in no sense be called 'compensation established by law, to be paid at stated times.' Solicitors are certainly not compensated by fees, costs, commissions, or percentages. Can their salaries be said to be 'allowances,' within the meaning of that term as used in sections 96 and 104? Allowances are of the same nature with fees, costs, commissions, and percentages. They are uncertain and variable in amount. They depend upon the rendition of services, which may or may not be required or performed, and sometimes upon the discretion of the court ordering their payment. We have no difficulty in reaching the conclusion that solicitors are not compensated by allowances, but by salaries only, and that the constitutional provisions here relied upon by the appellee have no bearing upon his case."

These utterances were cited with approval in Vaughn, Probate Judge, etc., v. State ex rel. Barker, 212 Ala. 461, 103 So. 38. And in Birmingham Electric Co. v. Harry, 215 Ala. 459, 111 So. 42, it is said:

"If the opinion heretofore written may be understood in the sense in which it was intended, there need be no apprehension about the constitutional validity of certain acts of the Legislature at the session of 1919 affecting the salaries of public officers in Montgomery county. Obviously a majority of these acts are wholly untouched by section 96 of the Constitution. In two of them, viz. the act fixing the salary of the tax assessor (Acts 1919, p. 108), and the act fixing the salary of the tax collector (Acts 1919, p. 263), it was provided that the officers in question should receive 'allowances' for clerical help; but the provision in both is that the

clerical help shall be regularly employed and shall be paid in monthly installments. It is entirely clear that these so-called allowances do not go to the officers named, and that the compensation of clerical help is not an allowance to public officers, but the 'allowances' for clerical help in the cases mentioned, under the decisions of this court, are, notwithstanding the language employed, not allowances even to the clerical help employed, but salaries, with which section 96 of the Constitution has no sort of concern. Dane v. Smith, 54 Ala. 47; Brandon v. Askew, 172 Ala. 168, 54 So. 605."

It is only necessary to apply these pronouncements to demonstrate that section 96 of the Constitution is without influence in this case, and in fact to show that the special constitutional amendment applying to the counties of Montgomery and Jefferson was wholly unnecessary to authorize the Legislature to put the county officers of those counties on a salary.

Section 96 of the Constitution out of the way, uniformity of application is not required, and the constitutional integrity of the act is not destroyed by the fact that it only has immediate effect in one county, and its application to the other counties of the state is postponed until by further growth they come within its influence. State ex rel. Collman v. Pitts, Probate Judge, 160 Ala. 133, 49 So. 441, 686, 135 Am. St. Rep. 79; State ex rel. Woodward v. Skeggs, 154 Ala. 249, 46 So. 268; State ex rel. Brown v. Porter, 145 Ala. 541, 40 So. 144; State ex rel. Covington v. Thompson, 142 Ala. 98, 38 So. 679; Smith v. Stiles, Probate Judge, 195 Ala. 107, 70 So. 905; State ex rel. Brooks v. Gullatt, 210 Ala. 542, 98 So. 373.

 The special amendment to the Constitution as to Jefferson county removes the influence of section 281 of the Constitution, so as to allow the act to apply to the incumbent in office at the time of its enactment.

For these reasons, I am of opinion that the act in question must be classed as a general law within the meaning of section 110 of the Constitution, and hold that section 106 was not violated in its enactment.

SOMERVILLE, J., concurs in the opinion of Justice BROWN.

ANDERSON, C. J., dissents, as hereinafter indicated, and SAYRE, J., concurs in that dissent. It is as follows:

ANDERSON, C. J. (dissenting). It is suggested upon rehearing that the court, in holding that the act in question could not apply to other counties until they not only reached the population requirement, but also procured an amendment to section 96 of the Constitution, is unsound; that the act deals with a salary, and not costs, charges of courts, fees, commissions, or allowances for public officers, and the court overlooked the case of Brandon v. Askew, 172 Ala. 167, 54 So. 605, where it was held that section 96 of the Constitution did not apply to salaries as distinguished from the items therein enumerated. True, such was the holding in that case, but the question there was which of two salaries Askew was entitled to collect, and did not involve a change from fees, commissions or charges to a salary. It is also true that the act here deals only with the fixation of a salary, but in order for it to apply to counties other than Jefferson, or perhaps Montgomery, when it reaches the population limit, it would necessarily change the compensation of the sheriff from fees, commissions, or charges to salaries, which cannot be done under section 96 of the Constitution, or subdivision 24 of section 104, except by a general law applicable to all.

To adopt the movant's contention would, in effect, render the Jefferson and Montgomery county amendments useless, in so far as applicable to section 96 and subdivision 24 of section 104 of the Constitution. In other words, notwithstanding the sheriffs of the state are upon a fee system, a law changing said system to a salary as to any one of them does not offend these constitutional provisions, which do not apply to salaries. They do not apply to salaries, but they do apply to a regulation or change in charges, commissions, etc., of public officers in counties less than the whole, although the change is from fees to a salary.

I am therefore still convinced that the original majority opinion is correct in holding that the act in question is a local one, and dissent from the holding of the majority upon rehearing.

SAYRE, J., concurs.