

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Mr. Cavness:

Opinion No. O-6048

Re: Salary and per diem of
Secretary-Director of State
Board of Registration for
Professional Engineers.

Your recent communication addressed to this department reads as follows:

"In connection with our current audit of the books and records of the State Board of Registration for Professional Engineers, Austin, Texas, we respectfully request your opinion on the following question:

"Does it come within the provisions of the law creating this Board and the General Provisions of the Departmental Appropriation Bill to pay a yearly salary to the Secretary-Director as appropriated by the Legislature, and at the same time and in addition, to pay him per diem fees for acting as a Member of that Board?"

The Act creating the State Board of Registration for Professional Engineers (Acts 1937, 45th Legislature, p. 816, ch. 404, listed as Title 52A, Article 271a, Sections 1 to 25, inclusive, in V. A. C. S.), contains, among others, the following provisions:

"Section 5.  Each member of the Board shall receive the sum of Ten ($10.00) Dollars per day for each day he is actually engaged in the duties of his office, including time spent in necessary travel, together with all legitimate expenses incurred in the performance of such duties. * * *."

"Section 7.  The Board shall hold a meeting within thirty (30) days after its members are first appointed, and thereafter shall hold at least two (2) regular meetings each year. Special meetings shall be held at such time as the by-laws of the Board may provide. * * *.  The Board shall elect or appoint annually from its own membership the following officers:  A Chairman, a Vice-Chairman, and a Secretary.  A quorum of the Board shall consist of not less than four (4) members."  (Emphasis ours)

Section 9, among other things, provides that the Secretary shall give a surety bond in the sum of $2,500.00, and that he "shall receive such salary as the Board shall determine in addition to the compensation and expenses provided for in this Act."  It further authorizes the Board to employ such clerical or other assistants as are necessary at salaries not in excess of salaries paid for similar work in other departments.

Said Chapter 404 is also known as Senate Bill 74, which was passed by the 45th Legislature.  It was approved and became effective on May 28, 1937.

Your attention is now directed to Senate Bill 471, p. 819, Vol. 1, Acts of the Regular Session of the 46th Legislature, approved and effective on April 24, 1939.  The first two sections of said Act read as follows:

"Section 1.  The salaries of all State officers and all State employees except those constitutional State officers whose salaries are specifically fixed by the Constitution, shall be, for the period beginning September 1, 1939, and ending August 31, 1941, in such sums or amounts as may be provided for by the Legislature in the general appropriation bills. It is specifically declared to be one of the intents hereof that the Legislature shall also fix the amount of supplemental salaries hereafter, out of court fees and receipts, to be paid to clerks and other employees

Honorable C. H. Cavness - page 3

of the Courts of Civil Appeals, the Supreme Court and the Court of Criminal Appeals.

"Section 2. All laws and parts of laws fixing the salaries of all State officers and employees, except those constitutional State officers whose salaries are specifically fixed by the Constitution, are hereby specifically repealed in so far as they are in conflict with this Act. It is specifically declared to be one of the intents hereof that any and all laws authorizing payment of supplemental salaries from court receipts and fees to clerks and other employees of the Courts of Civil Appeals, the Supreme Court and the Court of Criminal Appeals, are repealed in so far as they are in conflict with this Act." (Emphasis ours)

The Departmental Appropriation Bill of the 46th Legislature, S. B. 427, p. 7 of Vol. 2, contains on p. 69 the biennial appropriations for the State Board of Registration for Professional Engineers. Under "Salaries," the following appropriations appear:

| | "For the years ending | |
| | August 31, 1940 | August 31, 1941 |
|---|---|---|
| "Salaries: | | |
| 1. Board Members -- per diem ............... | $ 4,500.00 | $4,500.00 |
| 2. Secretary-Director........ | 4,200.00 | 4,200.00 |
| 3. * Assistant to Secretary-Director........ | 1,800.00 | 1,800.00 |
| 4. Chief Clerk............... | 1,500.00 | 1,500.00 |
| 5. Clerk.................... | 1,200.00 | 1,200.00 |
| 6. * Clerk -- half-time...... | 600.00 | 600.00 |

Honorable C. H. Cavness - page 4

| | | | |
|---|---|---|---|
| 7. * Clerks - seasonal............. | $ | 300.00 | $ 300.00 |
| 8. * Investigator................. | | 1,800.00 | 1,800.00 |
| 9. * Investigators -- Seasonal................... | | 400.00 | 400.00 |
| Total Salaries................... | $ | 16,300.00 | 16,300.00 |
| Totals less vetoed items.......... | | 11,700.00 | 11,700.00* |

(* Vetoed)

Thus, it will be noted that the 45th Legislature created the Board of Registration for Professional Engineers, and allowed said Board to determine the salary of its Secretary, in addition to the compensation and expenses provided for in said Act. The creating Act also empowered said Board to employ such clerical or other assistants as were necessary for the proper performance of its work, and contained the following proviso:

"Provided further, that the salaries paid herein shall not be in excess of salaries paid for similar work in other departments."

It will also be noted that the 46th Legislature fixed the salaries of all State officers and all State employees, with certain exceptions, for the period beginning September 1, 1939, and ending August 31, 1941, "in such sums or amounts as may be provided for by the Legislature in the general appropriation bills." It will further be noted that all laws and parts of laws fixing said salaries were repealed in so far as they were in conflict with said Act of the 46th Legislature.

The officers and employees of the Board of Registration for Professional Engineers were not excepted from the provisions of said Act of the 46th Legislature. Their salaries, therefore, for the biennium, beginning September 1, 1939, and ending August 31, 1941, were fixed by the sums or amounts appearing in the Departmental Appropriation Bill for said biennium.

Said appropriation bill fixed the salary of the Secretary-Director for each designated fiscal year at $4,200.00.

Honorable C. H. Cavness - page 5

House Bill 291 of the 47th Legislature, p. 813, R. S., and Senate Bill 363 of the 48th Legislature, p. 415, R. S., are identical in language with S. B. 431 of the 46th Legislature, with these exceptions:

The salaries and other compensation of District Judges are excepted from the provisions of said Acts of the 47th and 48th Legislatures. House Bill 291 of the 47th Legislature fixes the salaries not excepted therefrom, "for the period beginning September 1, 1941, and ending August 31, 1943, in such sums or amounts as may be provided for by the Legislature in the general appropriation bills." Senate Bill 363 of the 48th Legislature likewise fixes such salaries "for the period beginning September 1, 1943, and ending August 31, 1945."

The Departmental Appropriation Bill for each biennium, beginning September 1, 1941, and September 1, 1943, fixed the salary of the Secretary-Director of said Board at $4,200.00 for each fiscal year of said appropriation. Each of said bills also contained an appropriation of an amount for "Board Members, per diem." In addition, each Departmental Appropriation Bill passed by the 46th, 47th and 48th Legislatures included an appropriation for "Board members travel expense."

It thus appears that, beginning with the 46th Legislature, salaries of the officers and employees connected with the Board of Registration for Professional Engineers, were fixed by the Legislature instead of by the Board, as had been originally allowed by the 45th Legislature.

It is also clear that the salary of the Secretary-Director was fixed by the various Legislatures, beginning with the 46th, at $4,200.00 for each fiscal year, and that $4,600.00 for each fiscal year was appropriated for per diem for Board members.

The question now arises: Is per diem a salary?

Webster's New International Dictionary, 2d Ed., defines "Per diem" as "By the day"; also as "an allowance or amount of so much by the day." 48 C. J. 807 defines "per diem" as "by the day."

"Salary is a fixed compensation, which is payable at stated times." Dane v. Smith, 54 Ala. 47, 50.

Honorable C. H. Cavness - page 6

"A salary is a fixed compensation, decreed by authority and for permanence, and is paid at stated intervals, and depends upon time, and not the amount of the services rendered; allowance being a variable quantity." Blaine County v. Byrah, 178 P. 702, 703, 32 Idaho 111. Also, see various definitions of "salary" in Words and Phrases, Vol.9.

In Gobrecht v. City of Cincinnati, 36 N. E. 782, 51 Ohio State, 68, 23 L. R. A. 609, it was held that "Compensation of a public officer, fixed by a provision that each member of the Board, who is present during the entire session of any regular meeting and not otherwise, shall be entitled to receive $5.00 for his attendance, is not 'salary', within the meaning of Constitution, Art. 2, section 20, providing that the General Assembly shall fix the term of office and compensation of all officers, but that no change shall affect the salary of any officer during his existing term." (Emphasis ours).

It is clear, therefore, that the per diem stipulated for directors of the Board of Registration for Professional Engineers is not included in the salary for its Secretary-Director. The elected or appointed Secretary is entitled to a salary as such, in addition to his per diem as a Director, and all legitimate expenses as allowed in Section 5 of Article 3271a, above quoted. This conclusion follows our former opinion No. 0-1365, approved September 11, 1939.

Your question is therefore answered in the affirmative.

However, the per diem compensation allowed each Director must be based strictly on his attendance at Board meetings, including time spent in necessary travel to and from such meetings. Per diem allowed on any other basis would be illegal under the present statute.

"In order that the acts of a governmental or administrative board may be valid, it must act as a body." 34 T. J. 457.

Members of the Board "must act as a body with a quorum present, and all members must be given an opportunity to be present if it is reasonably convenient for them to do so." Webster v. T. & P. Motor Transport Co., et al., 140 T. 131, 166 S. W. (2) 75.

"It is a well-established rule in this State, as well as in other states, that where the Legislature has committed a matter to a board, bureau, or commission, or other administrative agency, such board, bureau or commission must act thereon as a body at a stated meeting, or one properly called, and of which all members of such board have notice, or of which they are given an opportunity to attend. Consent or acquiesence of, or agreement by the individual members, acting separately, and not as a body, or by a number of the members less than the whole acting collectively at an unscheduled meeting without notice or opportunity of the other members to attend, is not sufficient." (Emphasis ours). Webster v. T. & P. Motor Transport Co., et al, supra.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *L. H. Flewellen*

L. H. Flewellen
Assistant

LHF-MR

APPROVED JUN 27, 1944

(Acting) ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN