THOMPSON, Judge.
L.B.S. (the “mother”) and L.M.S. (the “father”) were divorced on March 22, 2000. The couple had two children, N.L.S. and N.T.S (the “children”). Under the terms of the divorce judgment, the mother was awarded custody of the children. On June 13, 2000, following the divorce of the mother and the father, the father’s parents, L.S. and L.S. (the “grandparents”), filed a motion to intervene and petitioned for visitation rights with the children pursuant to § 30-3-4.1, Ala.Code 1975. The grandparents’ motion to intervene was granted on June 15, 2000. The mother then moved to dismiss the grandparents’ petition for visitation and to strike the trial court’s order allowing the grandparents to intervene. Following a hearing, the trial court denied the mother’s motions. The mother filed an answer challenging the constitutionality of § 30-3-4.1, Ala.Code 1975, and served a notice of her constitutional challenge on the attorney general, pursuant to § 6-6-227, Ala.Code 1975. In response, the attorney general, acting on behalf of the State of Alabama (hereinafter the “State”), submitted a brief in support of the constitutionality of the statute.
On March 15, 2001, the trial court entered a judgment declaring § 30-3-4.1, Ala. Code 1975, facially unconstitutional and denying the grandparents’ petition for visitation. In its judgment, the trial court, relying primarily on the recent United States Supreme Court case of Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), determined that § 30-3-4.1(e), Ala.Code 1975 (that part of the statute establishing a rebuttable presumption in favor of grandparent visitation), and § 30-3-4.1(d) (listing the factors for determining grandparent visitation), were unconstitutional because, it reasoned, those provisions failed to afford special weight to a parent’s own determination regarding visitation. According to the trial court, without those two provisions, the remainder of § 30-3-4.1, Ala.Code 1975, failed to provide any standard upon which a court could rely in determining when and under what circumstances to award visitation. Therefore, the trial court concluded that the entire statute was unconstitutional on its face. Only the State appealed.
The United States Supreme Court, in Troxel v. Granville, stated that, with regard to child-visitation rights, parents have a fundamental right “to make decisions concerning the care, custody, and control” of their children, and that such a right is protected by the Due Process Clause of the United States Constitution. Troxel v. Granville, 530 U.S. at 75, 120 S.Ct. 2054. *182 Troxel involved a Washington statute that permitted “any person” to file at “any time” a petition for visitation rights; the statute allowed the court to grant the petition whenever that visitation might serve the best interest of the child. Troxel, 530 U.S. at 60, 120 S.Ct. 2054. The petitioners in Troxel were the paternal grandparents of two illegitimate children. They filed a petition seeking visitation rights with the children; the mother opposed the petition.[1] Troxel, 530 U.S. at 60, 120 S.Ct. 2054. The trial court granted visitation to the grandparents; the mother appealed. The Washington Supreme Court held that although the grandparents did have standing to petition for visitation, the statute providing for that visitation unconstitutionally infringed on the parents’ fundamental right to rear their children. According to the Washington Supreme Court, the United States Constitution prohibits the State from interfering with a parent’s fundamental right to parent, absent some harm or potential harm to the child. In addition, the court held that the Washington grandparent-visitation statute was overly broad. In re Custody of Smith, 137 Wash.2d 1, 969 P.2d 21 (1998).[2]
In affirming the Washington Supreme Court’s judgment, the United States Supreme Court held that, as applied, Washington’s grandparent-visitation statute violated the mother’s due process “right to make decisions concerning the care, custody, and control of her two daughters” Troxel, 530 U.S. at 72, 120 S.Ct. 2054. According to the Supreme Court, Washington’s statute was “breathtakingly broad” in that it allowed “any person” to petition at “any time” for visitation rights. Troxel, 530 U.S. at 67, 120 S.Ct. 2054. In reaching its conclusion, the Court held that the presumption created by the Washington statute in favor of grandparent visitation over a contrary decision by a parent was unconstitutional. According to the Court, “[t]he decisional framework employed by the [Washington trial court] directly contravened the traditional presumption that a fit parent will act in the best interest of his or her child.” Troxel, 530 U.S. at 69, 120 S.Ct. 2054. In addition, the Court stated that, in effect, the statute allowed a judge, basing a decision on a child’s “best interest,” to “overturn any decision by a fit custodial parent concerning visitation.... ” Troxel, 530 U.S. at 67, 120 S.Ct. 2054. According to the Supreme Court, the Washington trial court’s “order was not founded on any special factors that might justify the State’s interference with [the parent’s] fundamental right to make decisions concerning the rearing of her two daughters.” Troxel, 530 U.S. at 68, 120 S.Ct. 2054. The Court noted that “[t]he Washington Supreme Court had the opportunity to give [Washington’s grandparent-visitation statute] a narrower reading, but it declined to do so.” Troxel, 530 U.S. at 67, 120 S.Ct. 2054.
Alabama’s grandparent-visitation statute, § 30-3-4.1, Ala.Code 1975, provides:
“(a) For the purposes of this section, the term ‘grandparent’ means the parent of a parent of a minor child, the parent of a minor child’s parent who has died, or the parent of a minor child’s parent whose parental rights have been terminated when the child has been adopted *183 pursuant to Section 26-10A-27, 26-10A-28, or 26-10A-30, dealing with stepparent and relative adoption.
“(b) Except as otherwise provided in this section, any grandparent may file an original action for visitation rights to a minor child if it is in the best interest of the minor child and one of the following conditions exist:
“(1) When one or both parents of the child are deceased.
“(2) When the marriage of the parents of the child has been dissolved.
“(3) When a parent of the child has abandoned the minor.
“(4) When the child was born out of wedlock.
“(5) When the child is living with both biological parents, who are still married to each other, whether or not there is a broken relationship between either or both parents of the minor, and the grandparent and either or both parents have used their parental authority to prohibit a relationship between the child and the grandparent.
“(c) Any grandparent may intervene in and seek to obtain visitation rights in any action when any court in this state has before it any question concerning the custody of a minor child, a divorce proceeding of the parents or a parent of the minor child, or a termination of the parental rights proceeding of either parent of the minor child, provided the termination of parental rights is for the purpose of adoption pursuant to Sections 26-10A-27, 26-10A-28, or 26-10A-30, dealing with stepparent or relative adoption.
“(d) Upon the filing of an original action or upon intervention in an existing proceeding pursuant to subsections (b) and (c), the court shall grant any grandparent of the child reasonable visitation rights if the court finds that the best interests of the child would be served by the visitation. In determining the best interest of the child, the court shall consider the following:
“(1) The willingness of the grandparent or grandparents to encourage a close relationship between the child and the parent or parents.
“(2) The preference of the child, if the child is determined to be of sufficient maturity to express a preference.
“(3) The mental and physical health of the child.
“(4) The mental and physical health of the grandparent or grandparents.
“(5) Evidence of domestic violence inflicted by one parent upon the other parent or the child. If the court determines that evidence of domestic violence exists, visitation provisions shall be made in a manner protecting the child or children, parents, or grandparents from further abuse.
“(6) Other relevant factors in the particular circumstances.
“(e) The court shall make specific written findings of fact in support of its rulings. There shall be a rebuttable presumption in favor of visitation by any grandparent. An original action requesting visitation rights shall not be filed by any grandparent more than once during any two-year period and shall not be filed during any year in which another custody action has been filed concerning the child. After visitation rights have been granted to any grandparent, the legal custodian, guardian, or parent of the child may petition the court for revocation or amendment of the visitation rights, for good cause shown, which the court, in its discretion, may grant or deny. Unless evidence of abuse is alleged or other exceptional circumstances *184 a petition shall not be filed more than once in any two-year period.
“(f) If the court finds that the grandparent or grandparents can bear the cost without unreasonable financial hardship, the court, at the sole expense of the petitioning grandparent or grandparents, may appoint a guardian ad li-tem for the minor child.”
(Emphasis added.)
This court, in accordance with the United States Supreme Court’s decision in Troxel, has recognized that parents have a fundamental right to make decisions concerning the “ ‘care, custody, and control of their children.’ ” R.S.C. v. J.B.C., 812 So.2d 361, 366 (Ala.Civ.App.2001) (quoting Troxel v. Granville, 530 U.S. at 65, 120 S.Ct. 2054). Because the determination of child-visitation rights directly interferes with the parents’ fundamental right to rear their children, a strict-scrutiny analysis must be applied. R.S.C. v. J.B.C., 812 So.2d 361 (Ala.Civ.App.2001). To survive a strict-scrutiny analysis, the statute must be narrowly tailored to serve a compelling state interest. See Smith v. Schulte, 671 So.2d 1334 (Ala.1995), cert. denied, 517 U.S. 1220, 116 S.Ct. 1849, 134 L.Ed.2d 950, abrogated on other grounds, Ex parte Apicella, 809 So.2d 865 (Ala.2001); see also G.G. v. R.S.G., 668 So.2d 828 (Ala.Civ.App.1995).
The State has a compelling interest in fostering the grandparent-grandchild relationship. Although parents have a fundamental right to make decisions concerning their children, this right is not absolute. According to the United States Supreme Court, “the state has a wide range of power for limiting parental freedom and authority in things affecting [a] child’s welfare.... ” Prince v. Massachusetts, 321 U.S. 158, 167, 64 S.Ct. 438, 88 L.Ed. 645 (1944). Under the authority of its police power or its parens patriae power, the state has the ability, under certain circumstances, to interfere with the family’s autonomy. “Acting to guard the general interest in [a] youth’s well being, the state as parens patriae may restrict the parent’s control by requiring school attendance, regulating or prohibiting the child’s labor and in many other ways.” Prince, 321 U.S. at 166, 64 S.Ct. 438 (footnotes omitted). Examples of permissible interference with parental control include requiring child-passenger restraints for children under the age of six (§ 32-5-222, Ala.Code 1975); requiring children to wear bicycle helmets while riding a bicycle (§ 32-5A-285, Ala.Code 1975); the courts’ ability' to determine custody in divorce hearings (§§ 30-3-1 through -44, Ala.Code 1975); the courts’ ability to determine custody of children of parents who committed domestic or family violence (§ 30-3-135, Ala.Code 1975); and the courts’ ability to terminate parental rights (§ 26-18-7, Ala.Code 1975). Fostering the grandparent-grandchild relationship may generally promote the health and stability of a child, and this court can easily envision circumstances in which this relationship should be strongly encouraged.
Although the State has a compelling interest in encouraging the grandparent-grandchild relationship, according to the United States Supreme Court in Trox-el, the determination that grandparent visitation will serve the best interest of the child is not alone sufficient to overcome the presumption in favor of a fit parent’s fundamental right to rear his or her children. Troxel, 530 U.S. at 67, 120 S.Ct. 2054.
In reviewing § 30-3-4.1, Ala. Code 1975, Alabama’s grandparent-visitation statute, we note that “it is appropriate to reiterate the fundamental proposition that validly enacted legislation is presumed *185 to be constitutional,” and that this court “will not invalidate a statute on constitutional grounds if by reasonable construction it can be given a field of operation within constitutionally imposed limitations.” State Bd. of Health v. Greater Birmingham Ass’n of Home Builders, Inc., 384 So.2d 1058, 1061 (Ala.1980). “[T]he judiciary’s duty is to ‘adopt the construction which would uphold’ a statute rather than strike it down.” House v. Cullman County, 593 So.2d 69, 79 (Ala. 1992) (quoting Alabama State Fed’n of Labor v. McAdory, 246 Ala. 1, 9, 18 So.2d 810, 815 (1944)). Our supreme court has recognized that “[a] statute may be enacted without containing [a] provision for constitutional requirements but in such terms as not to exclude them and to justify the court in holding that it was intended to be subject to those requirements, which should then be treated as a feature of it.” Almon v. Morgan County, 245 Ala. 241, 246, 16 So.2d 511, 516 (1944). The party challenging the constitutionality of a statute bears the burden of overcoming the presumption of constitutionality in favor of the statute. City of Hoover v. Rocky Ridge Fire Dist., 460 So.2d 192 (Ala.Civ.App.1984).
The trial court in the present case determined that Alabama’s grandparent-visitation statute, § 30-3-4.1, Ala.Code 1975, was facially unconstitutional. Where the appeal concerns only questions of law, “there is no presumption of correctness in favor of the trial court’s judgment; this court’s review of legal issues is de novo.” Morgan Bldg. & Spas, Inc. v. Gillett, 762 So.2d 366, 368 (Ala.Civ.App.2000). In addition, “[w]hen an appellate court interprets a statute or considers the constitutionality of a statutory provision, no presumption of correctness attaches to the trial court’s interpretation of the statute.” Monroe v. Valhalla Cemetery Co., 749 So.2d 470, 471-72 (Ala.Civ.App.1999). The only issue before the court on appeal is whether the trial court erred in determining that § 30-3-4.1, Ala.Code 1975, is facially unconstitutional.
This court recently addressed the constitutionality of § 30-3-4.1, Alabama’s grandparent-visitation statute, in R.S.C. v. J.B.C.[3] That case involved a paternal grandfather’s petition for visitation under § 30-341.1, Ala.Code 1975, with his two minor grandchildren; the grandchildren’s parents. were still married. The trial court granted the grandfather visitation. This court reversed its judgment. R.S.C. v. J.B.C., 812 So.2d at 372. In reversing the judgment of the trial court, a majority of this court determined that the rebuttable presumption in favor of grandparent visitation set forth in § 30-3-4.1(e), Ala.Code 1975, was invalid.[4] R.S.C. v. *186 supra. In reaching that determination, the main opinion, citing Troxel, supra, stated that the rebuttable presumption in favor of grandparent visitation was unconstitutional because that presumption opposed the “ ‘traditional presumption that a fit parent will act in the best interests of his or her child.’ ” R.S.C. v. J.B.c., So.2d at 371 (quoting Troxel, 530 U.S. at 69, 120 S.Ct. 2054). As to this issue, the trial court was correct in finding the presumption in favor of visitation to be unconstitutional on its face.
In enacting the grandparent-visitation statute, the Alabama Legislature provided that the provisions of § 30-3-4.1, Ala.Code, 1975, were severable. Act No. 99-436, Ala. Acts 1999. A severability clause allows the courts to uphold the remaining portions of a statute that were not declared unconstitutional when “the remaining portions of [the statute] are complete within themselves, sensible and capable of execution.” Mitchell v. Mobile County, 294 Ala. 130, 134, 313 So.2d 172, 174 (1975). In addition, the Alabama Code contains the following severability provision:
“If any provision of this Code ... is held invalid by a court of competent jurisdiction, such invalidity shall not affect the provisions or application of this Code or such amendment or statute that can be given effect without the invalid provisions or application, and to this end, the provisions of this Code and such amendments and statutes are declared to be severable.”
§ 1-1-16, Ala.Code 1975.
The trial court also found that the stated factors in § 30-3-4.1(d), Ala. Code 1975, failed to afford special weight to the parents’ own determination regarding visitation of the child with the grandparent. The four members of the plurality in Troxel, agreeing with Justice Kennedy who dissented, stated that the “constitutionality of any standard for awarding visitation turns on the specific manner in which that standard is applied.” Troxel, 530 U.S. at 73, 120 S.Ct. 2054. Section 30-3-4.1(d), Ala.Code 1975, sets forth a number of factors for the court to consider in determining whether to award visitation to the petitioning grandparents. Most significantly, § 30-3-4.1(d)(6) provides for the consideration of “[ojther relevant factors in the particular circumstances.” Although the factors listed in § 30-3-4.1(d) do not specifically mention the consideration of a parent’s own determination with respect to the child, the factors also do not specifically exclude that factor as a consideration. We conclude that the requirement that the court consider “other relevant factors” under § 30-3-4.1(d) allows the courts to give great weight, as it must, to a parent’s decision regarding such visitation in determining whether to grant a grandparent visitation. See State Bd. of Health v. Greater Birmingham Ass’n of Home Builders, Inc., supra. This presumption in favor of a fit parent’s decision regarding grandparent visitation will place a heightened burden of proof on the grandparent petitioning for visitation. Because the fundamental right of a parent is at issue, a grandparent seeking visitation bears the burden of showing, by dear and convincing evidence, that the best interest of the child is served by awarding grandparent visitation. We note that harm or detriment is always a factor to be considered in a best-interest analysis.[5] We conclude that the *187 language of § 30 — 3—4.1(d) allows the trial court, on a case-by-case basis, to constitutionally apply Alabama’s grandparent-visitation statute within the limitations expressed in this opinion.
Although a majority of this court has previously determined the rebuttable presumption in favor of grandparent visitation contained in § 30-3-4.1, Ala.Code 1975, to be unconstitutional, see R.S.C. v. supra, we now conclude that the remainder of the statute is enforceable because it provides a standard- — the factors listed in § 30 — 3—4.1(d)—upon which the court may rely in determining when and under what circumstances to award visitation. In addition, the requirement that the courts consider “other relevant factors” under § 30-3-4.1(d)(6), Ala.Code 1975, allows the courts to construe Alabama’s grandparent-visitation statute so as to encompass necessary constitutional requirements. We conclude that § 30-3-4.1, Ala.Code 1975, may be given a field of operation, albeit a narrow one, within constitutionally imposed limitations. Therefore, we hold that the trial court erred in finding § 30-3-4.1, Ala. Code 1975, to be facially unconstitutional.
REVERSED.
PITTMAN, J., concurs.
YATES, P.J., and MURDOCK, J., concur in the judgment of reversal only.
CRAWLEY, J., dissents.

. The mother did not completely oppose visitation, but sought more limited visitation than the grandparents had requested; the mother opposed granting the grandparents overnight visitation with the children. Troxel, 530 U.S. at 6, 120 S.Ct. 20541.

. The Washington Supreme Court granted the Troxels’ petition for review and consolidated their case with two other visitation cases. In re Custody of Smith, 137 Wash.2d 1, 969 P.2d 21 (1998).

. The order of the trial court in this case was issued on February 28, 2001, six months before this court issued its opinion in R.S.C. v. J.B.C., on August 31, 2001.

. R.S.C. v. J.B.C., 812 So.2d 361, was a plurality opinion. A plurality opinion is an opinion "agreed to by less than the majority as to the reasoning of the decision, but is agreed to by a majority as to the result,” Black's Law Dictionary 1092 (6th ed.1990); an opinion that lacks the sufficient number of judges' votes to constitute a majority opinion. Therefore, "[t]he precedential value of the reasoning in a plurality opinion is questionable at best.” Ex parte Discount Foods, Inc., 789 So.2d 842, 845 (Ala.2001); see also Ex parte Acheribach, 783 So.2d 4 (Ala.2000). Judge Murdock authored the main opinion in R.S.C., and Judge Pittman concurred in that opinion. Presiding Judge Yates, Judge Crawley, and Judge Thompson concurred in the result. Three judges agreed as to some parts of the opinion in R.S.C. For example, in her special writing, Presiding Judge Yates stated that she concurred in that part of the main opinion that held the rebuttable presumption unconstitutional. However, there was no clear agreement of a majority of this court regarding the *186 necessity of finding substantial harm in order to apply Alabama's grandparent-visitation statute in a constitutional manner.

. Four judges agree in this case that if it can be shown by clear and convincing evidence that prohibiting grandparent visitation would cause substantial harm to the child then Ala *187 bama's grandparent-visitation statute could be constitutionally applied. However, a majority of this court does not agree that the showing of substantial harm is the only situation in which that statute can be constitutionally applied.