826 So.2d 889 (2002)
Ex parte State of Alabama.
(In re A.M.K. v. E.D.)
2000712.
Court of Civil Appeals of Alabama.
February 1, 2002.
J. Coleman Campbell and James E. Long, asst. attys. gen., Department of Human Resources, for petitioner.
Dana Jill Simpson, Rainsville, for respondent.
PITTMAN, Judge.
A.M.K., the maternal grandmother ("the grandmother"), of K.D. and L.D., the children of E.D. and T.D, who is deceased, filed a complaint on July 14, 2000, seeking grandparent visitation pursuant to § 30-3-4.1, Ala.Code 1975. The grandmother alleged that she was very active in the lives of her minor grandchildren before her daughter's (their mother's) death and that since T.D.'s death her visitation with the minor children has been sporadic and limited. In her amended complaint filed on November 14, 2000, she alleges that she has no intention to hinder the parent/child relationship, that she and the children are physically and mentally capable of safely exercising visitation with each other, and that visitation is in the children's best interests.
E.D. answered by filing a motion to dismiss on August 18, 2000. However, not until E.D. filed his second motion to dismiss on December 8, 2000, was the State of Alabama notified that he was challenging the constitutionality of § 30-3-4.1, Ala. Code 1975. The second motion to dismiss alleged that there is no constitutional basis on which to interfere with the family unit; that § 30-3-4.1, Ala.Code 1975, is unconstitutional; and that the United States Supreme Court has determined in Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), that a state may not infringe on the fundamental rights of parents to make child-rearing decisions. In January 2001 the attorney general's office, acting on behalf of the State of Alabama, filed a brief in the trial court in support of the constitutionality of the statute.
On March 1, 2001, the trial court issued a lengthy order in which it declared § 30-3-4.1, Ala.Code 1975, to be unconstitutional *890 and denied A.M.K.'s request for visitation. In its judgment, the trial court, relying primarily on Troxel v. Granville, determined that both § 30-3-4.1(e) (the rebuttable presumption in favor of grandparent visitation) and § 30-3-4.1(d) (listing the factors for determining grandparent visitation) were unconstitutional. The trial court concluded that without those two provisions, the statute failed to provide any standard by which a court could determine whether and under what circumstances to award visitation. Therefore, the trial court concluded, the entire statute was facially unconstitutional. On March 28, 2001, the grandmother filed a motion for a new trial pursuant to Rule 59. Only the State appealed.
On May 31, 2001, the grandmother and E.D., by and through their attorneys of record, offered the trial court a joint agreement to extend the time for ruling on the grandmother's post-trial motion. This stipulation was incorporated into trial court orders issued on June 11 and June 12, 2001. Rule 59.1, Ala. R. Civ. P., provides that a postjudgment motion will be denied by operation of law 90 days after it is filed "unless with the express consent of all the parties, which consent shall appear of record" to extend time for ruling (emphasis added). The stipulation contained in the trial court record reflects that the State did not expressly consent to the stipulation. Therefore, we conclude that the postjudgment motion was denied by operation of law 90 days after the filing of the postjudgment motion. See Health-South Corp. v. Brookwood Health Services, Inc., 814 So.2d 267 (Ala.Civ.App.2000) (holding that where one of three parties did not expressly consent to the extension of time, the postjudgment motion was denied by operation of law on the 90th day). Therefore, this court has jurisdiction because the appeal was from a final judgment.
This case comes to this court in substantially the same posture as the case of Ex parte State of Alabama (In re L.B.S. v. L.M.S.), 826 So.2d 178 (Ala.Civ.App. 2002). For the reasons cited in the opinion issued in the aforementioned case, we reverse the trial court's judgment holding § 30-3-4.1, Ala.Code 1975, unconstitutional.
REVERSED.
YATES, P.J., and THOMPSON and MURDOCK, JJ., concur.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
I dissent. See Ex parte State of Alabama (In re L.B.S. v. L.M.S.), 826 So.2d 178, 187 (Ala.Civ.App.2002) (Crawley, J., dissenting).