As the main opinion correctly notes, the "statutory right to seek grandparent visitation must be strictly construed." In T.R.S.S. v. R.S.,828 So.2d 327 (Ala.Civ.App. 2002), the father's parental rights were terminated when the divorce judgment was entered; thus, there could be no "pending action" in which the grandparents could seek to intervene.
In this case, the mother and the father divorced in 1996, and the father gained custody of the child in 1997. Without a pending action
before the court when the grandparents sought to intervene in 2000, I agree that the grandparents' petition to intervene was procedurally improper. The grandparents should have instead filed an original action for visitation pursuant to § 30-3-4.1(b), Ala. Code 1975.
That said, I cannot agree with the dicta in the main opinion commenting upon the substantive propriety of visitation in this case. After reviewing the record, I conclude that the trial court carefully reviewed the wishes of the parents and the grandparents, finding that it was "abundantly clear that the grandparents prior to the marriage of their son had much more of a parental involvement with the grandchild than after the marriage" of their son. The trial court concluded that from the time of the child's birth in December 1993 until May 2000 when the father remarried, the grandparents were intimately involved in the child's daily life. The trial court heard testimony from a child psychologist who concluded that a sharp decrease in contact between a child who has had a life-long association with a set of grandparents and those grandparents can have a detrimental effect on the child.
The trial court issued a lengthy order, citing all six factors listed in § 30-3-4.1(d) as well as the potential harm to the child resulting from loss of regular contact with the grandparents and granting limited grandparent visitation (one overnight visit each month and one telephone call each week). Although the trial court's judgment predates this court's decision in L.B.S. v. L.M.S., 826 So.2d 178 (Ala.Civ.App. 2002), that judgment addresses all the factors required by our decision inL.B.S. If the grandparents had filed an original action pursuant to § 30-3-4.1(b), the judgment granting visitation would be due to be affirmed; however, because they improperly sought intervention in an action that had concluded, I must concur in the result reached in the main opinion.