As discussed in more detail in the opinion of this court in R.S.C. v.J.B.C., *Page 451 812 So.2d 361 (Ala.Civ.App. 2001), and in my special writing inL.B.S. v. L.M.S., 826 So.2d 178, 187 (Ala.Civ.App. 2002) (Murdock, J., concurring in the judgment of reversal only), there is a very real difference between requiring a showing of harm, or substantial harm, in the absence of requested grandparent visitation and a showing that such visitation would merely be in the "best interest" of a child. Section30-3-4.1(b), Ala. Code 1975, requires only a showing that the requested court-ordered grandparent visitation would be in the "best interest" of the child. As a majority of this court agreed in R.S.C., a showing merely of the child's "best interest" is not enough to satisfy the United States Constitution. 812 So.2d at 371.
The right of parents to make decisions concerning the care, custody, and control of their children is fundamental under the United States Constitution. See R.S.C., 812 So.2d at 366 (two judges concurring and Presiding Judge Yates concurring in the result and agreeing that "a parent's right to make decisions regarding his or her child's visitation with a nonparent is a fundamental liberty interest entitled to strict scrutiny under the Fourteenth Amendment," 812 So.2d at 372). Under strict-scrutiny analysis, overriding that fundamental parental right requires, among other things, a showing of a compelling state interest.See id. As indicated in R.S.C., the state does not have a compelling interest in deciding what is merely in the "best interest" of a child.See R.S.C., 812 So.2d at 365-66 n. 1. It does have a compelling state interest in preventing "substantial harm" to children. See L.B.S. v.L.M.S., 826 So.2d at 187, 187 (Yates, P.J., concurring in the judgment of reversal only; Murdock, J., concurring in the judgment of reversal only). Thus, as I wrote in L.B.S.:
 "In general, to fall within the more limited class of cases to which I believe [§ 30-3-4.1] constitutionally may be applied, there must be a threshold showing of substantial harm to the child if the requested visitation is not granted, and this showing must be made by clear and convincing evidence."
826 So.2d at 188 (Murdock, J., concurring in the judgment of reversal only). It is only where that threshold showing is made that the statute may constitutionally be applied.[1] In a case where such a threshold showing is made, the statute, by its terms, would then also require a showing by a preponderance of the evidence that the requested visitation would be in the "best interests" of the minor child. See § 30-3-4.1(b) and (d) (listing multiple factors to be considered by a trial court in determining a child's "best interest").
In other words, while § 30-3-4.1 attempts to open the door for courts to impose grandparent visitation against the wishes of a fit parent, the United States Constitution requires that that door be all but closed — remaining only slightly ajar for those egregious cases where it is "clear" that "substantial harm" will come to the child absent judicial intervention.[2] *Page 452 
It is only in the set of cases that fit within this description, and in which the trial court crafts a visitation scheme that is "the least intrusive means," 826 So.2d at 192, by which to remedy the harm, that a majority of the judges on this court would be of the opinion that the statute could constitutionally be applied. SeeL.B.S., 826 So.2d at 187, 187 (Yates, P.J., concurring in the judgment of reversal only; Murdock, J., concurring in the judgment of reversal only).[3]
The United States Constitution requires that the courts of this state afford a strong presumption in favor of a fit parent's decisions as to his or her child's associations. Based on my review the record in the present case, I conclude that this is not a case requiring judicial intervention.
[1] Strict-scrutiny analysis also requires that a state's "interference with a fundamental right for the purpose of serving a compelling state interest must be done in a manner that is least restrictive of the fundamental right and most closely tailored to serve that compelling state interest." L.B.S., 826 So.2d at 192 (Murdock, J., concurring in the judgment of reversal only) (citing Washington v. Glucksberg, 521 U.S. 702
(1997), and Beagle v. Beagle, 678 So.2d 1271, 1275 (Fla. 1996) (recognizing in the context of a challenge to Florida's grandparent-visitation statute that the statute must meet a compelling state interest "through the use of the least intrusive means")).
[2] This "opening" may, for example, be wide enough to allow the application of § 30-3-4.1 to cases in which a grandparent has served for a significant period as a child's de facto parent, so that depriving the child of a continuing relationship with that grandparent would cause serious psychological or emotional harm to the child. See L.B.S.,826 So.2d at 191-92 n. 8 and accompanying text (Ala.Civ.App. 2002) (Murdock, J., concurring in the judgment of reversal only).
[3] Judge Pittman in his special writing states that the trial court's judgment "addresses all the factors required by our decision in L.B.S." I would note that only two of the judges of this court concurred in the opinion to which Judge Pittman refers. Neither Presiding Judge Yates nor I agreed that § 30-3-4.1 could be constitutionally applied merely on the basis of the multiple "best-interest" factors set out in that statute. To the contrary, Judge Yates and I both wrote separately to indicate that the application of this multiple-factor test under §30-3-4.1 was inconsistent with our understanding of the United States Constitutional requirement that the fundamental right of a parent to the care, custody, and control of his child could be overridden only in the more limited class of cases where a threshold showing of substantial harm in the absence of the requested visitation could be shown by clear and convincing evidence. Judge Crawley is of the view that there is no set of cases to which § 30-3-4.1 may constitutionally be applied. SeeL.B.S., 826 So.2d at 199 (Crawley, J., dissenting).