MURDOCK, Judge,
concurring specially.
I fully concur with the well-reasoned responses in the main opinion to the substantive arguments raised by the father.
The main opinion disposes of the father’s substantive “standing” and constitutional arguments by focusing on the fact that this is a dependency case. I write separately to note that I do not read the analysis of the main opinion in this regard to negatively imply that the father’s- arguments would necessarily yield a better result for him if this case were treated as a “mere” custody dispute. Alabama law clearly provides that a natural parent may lose his or her presumptive custodial rights, and have no greater “status” (which I believe is preferable to the word “standing” in this context) to claim full or partial custody of a child than a nonparent, where he or she has abandoned or voluntarily forfeited custody of the child, or where the parent’s unfitness has been demonstrated by or has resulted from such an abandonment or forfeiture. See Ex parte Terry, 494 So.2d 628 (Ala.1986); Ex parte McLendon, 455 So.2d 863 (Ala.1984); R.K. v. R.J., 843 So.2d 774 (Ala.Civ.App.2002); C.P. v. W.M., 837 So.2d 860 (Aa.Civ.App. 2002); and D.C. v. C.O., 721 So.2d 195 (Ala.Civ.App.1998). The same is true of parents’ federal constitutional rights. . See R.K., 843 So.2d at 780-82; D.M.P. v. Shelby County Dep’t of Human Res., 871 So.2d 77 (Ala.Civ.App.2003) (plurality opinion) (discussing and quoting from Roe v. Conn, 417 F.Supp. 769 (M.D.Ala.1976)). See also L.B.S. v. L.M.S., 826 So.2d 178, 187-99 (Ala.Civ.App.2002) (Murdock, J., concurring in the judgment of reversal only); R.S.C. v. J.B.C., 812 So.2d 361, 367-72 (Ala.Civ.App.2001).
Finally, I note that P.J. does not appeal from the trial court’s custody determination and that determination therefore is not before us.