CRAWLEY, Presiding Judge,
concurring in the result.
I agree that the judgment in this case, insofar as it awards grandparent visitation, must be reversed. I continue to maintain my view that Ala.Code 1975, § 30-3^1, is unconstitutional per se. See Richburg v. Richburg, 895 So.2d 311, 319 (Ala.Civ.App.2004) (Crawley, J., concurring in the result); L.B.S. v. L.M.S., 826 So.2d 178, 199 (Ala.Civ.App.2002) (Crawley, J., dissenting); and R.S.C. v. J.B.C. 812 So.2d 361, 371 (Ala.Civ.App.2001) (Crawley, J., concurring in the result). I would, therefore, base my decision on the mother’s argument that, because she has not been shown to be other than a fit parent, the parental presumption in her favor (which presumes that the mother would act in the best interest of her child, see Troxel v. Granville, 530 U.S. 57, 68, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000)), insulates her decision to deny grandparent visitation from interference by the state. Otherwise, as the decision of the Washington Supreme Court invalidating its third-party-visitation statute stated:
“State intervention to better a child’s quality of life through third party Visitation is not justified where the child’s circumstances are otherwise satisfactory. To suggest otherwise would be the logical equivalent to asserting that the state has the authority to break up stable families and redistribute its infant *846 population to provide each child with the ‘best family.’ It is not within the province of the state to make significant decisions concerning the custody of children merely because it could make a ‘better’ decision.”
In re Smith, 137 Wash.2d 1, 20, 969 P.2d 21, 30-31 (1998), aff’d sub nom., Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).[2]
I continue to find the statute repugnant to the United States Constitution for these reasons.

. I recognize that the Washington Supreme Court invalidated its third-party-visitation statute on the ground that the best-interest standard was "insufficient to serve as a compelling state interest overruling a parent's fundamental rights,” In re Smith, 137 Wash.2d at 20, 969 P.2d at 30, and that the Washington Supreme Court indicated, much like Judge Murdock did in his special writing in L.B.S. v. L.M.S., 826 So.2d at 188-92, that a showing of harm could serve as a compelling state interest. In re Smith, 137 Wash.2d at 20, 969 P.2d at 30-31. However, I believe that the same sentiments support my conclusion that the grandparent-visitation statute is unconstitutional per se and that the proper remedy for a grandparent whose grandchild is facing substantial harm is to seek redress under our dependency statutes or to seek custody of the child pursuant to the principles espoused in Ex parte Terry, 494 So.2d 628 (Ala.1986), and its progeny.