SHAW, Justice
(concurring in the result).
I concur in the result reached by the main opinion.
I agree with the holding by the Court of Civil Appeals in J.W.J. v. P.K.R., 976 So.2d 1035, 1040 (Ala.Civ.App.2007), that, “[i]n order to meet the constitutional requirements set out in Troxel [v. Granville, 530 U.S. 57 (2000) ], the [Alabama Grandpar *676 ent Visitation Act (‘the Act’)[24] ] must contain a presumption that the parent’s wishes” are “in the child’s best interests” when determining whether to order visitation by a grandparent. In R.S.C. v. J.B.C., 812 So.2d 361 (Ala.Civ.App.2001), the then existent version of the Act, which contained no presumption in favor of a parent’s decision regarding grandparent visitation and instead provided a presumption in favor of awarding such visitation, was held to be unconstitutional as applied. The main opinion, which was a plurality, stated:
“The fundamental right of a fit parent to decide the issue of unsupervised grand-parental visitation, in the absence of harm or potential harm to the child if such visitation is not allowed, requires more respect for the parent’s initial decision than is achieved by allowing a trial court to decide what is in the ‘best interests’ of the child and then to substitute its decision for the parent’s decision.”
R.S.C., 812 So.2d at 372.
Subsequently, in L.B.S. v. L.M.S., 826 So.2d 178 (Ala.Civ.App.2002) (plurality opinion), the main opinion, again a plurality, noted that the portion of the Act that presumed that visitation by a grandparent was in the child’s best interest was unconstitutional on its face and due to be severed from the Act. Further, it noted that, under Troxel, “the determination that grandparent visitation will serve the best interest of the child is not alone sufficient to overcome the presumption in favor of a fit parent’s fundamental right to rear his or her children.” 826 So.2d at 184. Although the Act failed to afford special weight to the parents’ own determination regarding visitation of the child with the grandparent, the Court of Civil Appeals attempted to construe the Act in such a way as to remedy such defect:
“Section 30-3-4.1(d), Ala.Code 1975, sets forth a number of factors for the court to consider in determining whether to award visitation to the petitioning grandparents. Most significantly, § 30-3-4.1(d)(6) provides for the consideration of ‘[o]ther relevant factors in the particular circumstances.’ Although the factors listed in § 30-3^4.1(d) do not specifically mention the consideration of a parent’s own determination with respect to the child, the factors also do not specifically exclude that factor as a consideration. We conclude that the requirement that the court consider ‘other relevant factors’ under § 30-3-4.1(d) allows the courts to give great weight, as it must, to a parent’s decision regarding such visitation in determining whether to grant a grandparent visitation. This presumption in favor of a fit parent’s decision regarding grandparent visitation will place a heightened burden of proof on the grandparent petitioning for visitation. Because the fundamental right of a parent is at issue, a grandparent seeking visitation bears the burden of showing, by clear and convincing evidence, that the best interest of the child is served by awarding grandparent visitation. ... We conclude that the language of § 30-3^.1(d) allows the trial court, on a case-by-case basis, to constitutionally apply Alabama’s grandparent-visitation statute within the limitations expressed in this opinion.”
L.B.S., 826 So.2d at 186-87 (citation omitted).
After the Court of Civil Appeals decided R.S.C. and L.B.S., the legislature undertook to amend the Act:
*677 “In 2003, the Legislature enacted Act No. 2003-383, Ala. Acts 2003, in response to the infirmities identified by this court in the aftermath of Troxel, First, in Act No. 2003-383, the Legislature removed the portion of § 30-3-4.1(e) that had provided that ‘[tjhere shall be a rebuttable presumption in favor of visitation by any grandparent.’ ... Second, the Legislature specifically amended § 30-3-4.1(d) so as to include ‘the wishes of any parent who is living’ among the factors to be considered in determining whether the best interests of a child would be served by awarding grandparental visitation, making explicit what the main opinion in L.B.S. had held to be implicit in the general direction in former § 30-3-4.1(d)(6) that trial courts are to consider ‘[o]ther relevant factors’ in their best-interests calculus.”
Dodd v. Burleson, 932 So.2d 912, 919 (Ala.Civ.App.2005) (plurality opinion).
A majority of the Court of Civil Appeals has subsequently affirmed this rationale and held that the 2003 amendment rectified any facial unconstitutionality found in the Act:
“In 2003, the legislature amended the Grandparent Visitation Act. See Act No. 2003-383, Ala. Acts 2003. Among other changes, the legislature deleted the presumption in favor of grandparent visitation declared unconstitutional in R.S.C. [v. J.B.C., 812 So.2d 361 (Ala.Civ.App.2001),] and expanded subsection 30-3-4.1 to require the trial court to consider, when making its best-interests determination, ‘[ojther relevant factors in the particular circumstances, including the wishes of any parent who is living.’ (Emphasis added.) In Dodd v. Burleson, 932 So.2d 912, 919 (Ala.Civ.App.2005), a majority of this court construed the amended statute as having explicitly adopted the presumption in favor of the parent’s visitation decision first recognized in L.B.S. [v. L.M.S., 826 So.2d 178 (Ala.Civ.App.2002) ].
“[T]he current Grandparent Visitation Act does not expressly state that the parent’s visitation decision shall be presumed to be in the child’s best interests. Rather, as written, the statute simply requires the trial court to consider the parent’s wishes along with other factors without specifying that any particular factor should be given any greater weight. However, as stated in L.B.S.:
“ ‘Our supreme court has recognized that “[a] statute may be enacted without containing [a] provision for constitutional requirements but in such terms as not to exclude them and to justify the court in holding that it was intended to be subject to those requirements, which should then be treated as a feature of it.” Almon v. Morgan County, 245 Ala. 241, 246, 16 So.2d 511, 516 (1944).’
“826 So.2d at 185. In order to meet the constitutional requirements set out in Troxel [v. Granville, 530 U.S. 57 (2000) ], the statute must contain a presumption that the parent’s wishes are presumed to be in the child’s best interests. In L.B.S. and Dodd, this court has treated that presumption as an implied part of § 30 — 3—4.1 (d)(6). Thus, the implied presumption is as much a feature of the statute as its plain language. Consequently, the statute is not unconstitutional on its face, as the father argues, for failing to expressly include a presumption in favor of a parent’s visitation decisions.”
J.W.J., 976 So.2d at 1039-10.
To me, the dispositive issue in this case is whether the Act can be construed so as to give the proper weight to a parent’s decision. I have struggled with the lauda *678 ble attempts of the Court of Civil Appeals to do so.
In reviewing the constitutionality of an act, we presume its validity and seek to sustain it rather than strike it down. House v. Cullman County, 593 So.2d 69, 71 (Ala.1992). Further, it is this Court’s duty “ ‘to adopt the construction of a statute to bring it into harmony with the constitution,’ ” but only “ ‘if its language will permit’ ” such a construction. Id. at 72 (quoting Alabama State Fed’n of Labor v. McAdory, 246 Ala. 1, 10, 18 So.2d 810, 815 (1944)). That said, we “construe” a statute only when it is ambiguous; if it is unambiguous, then there is no room for the courts to do anything other than to give effect to the legislature’s clearly expressed intent. DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275 (Ala.1998). This is so even if the unambiguous language renders the statute unconstitutional. See Budget Inn of Daphne, Inc. v. City of Daphne, 789 So.2d 154, 160 (Ala.2000) (“This construction, the only one allowed by the unambiguous language of the statute, imposes constitutionally impermissible limitations on the use and enjoyment of nonconforming properties and stands against the great weight of legal authority.”). As noted by R.S.C. and L.B.S., the language of the Act, before the 2008 amendment, included a presumption in favor of visitation by grandparents and afforded no presumption in favor of or special weight to be accorded a fit parent’s decision in such matters. When the legislature undertook to amend the Act after the Court of Civil Appeals issued its decisions in R.S.C. and L.B.S., it corrected the constitutional infirmity created by the presumption allowing visitation, but it declined to include any language acknowledging the presumption afforded a fit parent’s decision. Instead, a fit parent’s decision, though acknowledged, was, by the plain language, simply relegated to one of many factors the trial court is allowed to consider. I can only conclude that the legislature intended what § 30-3-4.1 states on its face. There was no room for further judicial construction after the 2003 amendment. Because the legislature, when it amended the Act, explicitly remedied only one of the constitutional defects identified above, and, although recognizing a fit parent’s decision, gave that decision no more weight than any other factor, I cannot agree that the Act can be further construed so as to give a parent’s decision the weight the legislature did not provide. I agree that the Act is unconstitutional on its face, and I therefore concur in the result.
STUART, J., concurs.

. Ala.Code 1975, § 30-3-4.1.