SHAW, Justice
(concurring specially).
I concur with this Court’s decision to deny Attorney General Luther Strange’s petition for a writ of certiorari seeking review of a decision of the Court of Civil Appeals.
In this case, the Court of Civil Appeals held that the Alabama Grandparent Visitation Act (“the GVA”), as amended in 2011 by Act No. 2011-539 and Act No. 2011-562, Ala. Acts 2011, is unconstitutional. Weldon v. Ballow, 200 So.3d 654 (Ala.Civ.App.2015). In my writing in this Court’s decision in Ex parte E.R.G., 73 So.3d 634, 675-76 (Ala.2011), which held unconstitutional the pre-2011 amended version of the GVA, I stated:
“I agree with the holding by the Court of Civil Appeals in J.W.J. v. P.K.R., 976 So.2d 1035, 1040 (Ala.Civ.App.2007), that, ‘[i]n order to meet the constitutional requirements set out in Troxel [v. Granville, 530 U.S. 57 (2000)], the [GVA] must contain a presumption that the parent’s wishes’ are ‘in the child’s best interests’ when determining whether to order visitation by a grandparent.”
73 So.3d at 675-76 (Shaw, J., concurring in the result) (footnote omitted). I also quoted in my writing in E.R.G. from the main opinion of the Court of Civil Appeals in L.B.S. v. L.M.S., 826 So.2d 178 (Ala.Civ.App.2002) (plurality opinion): “[U]nder Troxel [v. Granville, 530 U.S. 57 (2000) ], ‘the determination that grandparent visitation will serve the best interest of the child is not alone sufficient to overcome the presumption in favor of a fit parent’s fundamental right to rear his or her children.’ 826 So.2d at 184.” E.R.G., 73 So.3d at 676 (emphasis added).
The attorney general, in his certiorari petition, contends that various writings by the Justices in E.R.G., including my writing, indicated that a presumption in favor of the parent’s decision was required for the GVA to be constitutional. Because the 2011 amendments to the GVA provide such a presumption in favor of the parent’s decision, the attorney general contends that the GVA as amended in 2011 is now constitutionally sufficient.[1]
It is correct that the 2011 amendments to the GVA create a rebuttable presumption that parents “know what is in the best interests of the child.” However, the GVA “does not mandate any other criteria for a court to use when determining whether the statutory presumption has been rebutted.” Weldon, 200 So.3d at 667. As the Court of Civil Appeals explains:
*677 [Although the plurality decision in Troxel [v. Granville, 530 U.S. 57 (2000),] did not explain the amount of weight a court should give to custodial parenting decisions, it very clearly stated that the presumption could not be overcome ‘simply because a state judge believes a “better” decision could be made,’ 530 U.S. at 73, and that a court cannot constitutionally overrule a custodial parent’s decision based on ‘nothing more than a simple disagreement between the [court] and [the custodial parent] concerning her children’s best interests.’ 530 U.S. at 72. By enacting evidentiary presumptions and shifting the burden of proof, the 2011 amendments do not remove from the courts the power to award grandparent visitation based on the best interests of the child.”
Weldon, 200 So.3d at 669 (emphasis added).
Although the 2011 amendments to the GVA create a presumption in favor of the parent’s decision regarding grandparent visitation, that presumption, according to the Court of Civil Appeals, is insufficient under Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).[2] The attorney general, in his certiorari petition, does not challenge the analysis underpinning the Court of Civil Appeals’ conclusion that the presumption created by the 2011 amendments is insufficient. I do not believe that, without an argument tending to show that the Court of Civil Appeals erred in holding that the presumption does not meet constitutional muster, the petition shows the “probability of merit” necessary for issuance of a writ of certiorari. See Rule 39(f), Ala. R.App. P. Therefore, I concur in the denial of the petition.

. Act No. 2011-539 and Act No. 2011-562, which amended the GVA to add this presumption, were approved by the Governor before this Court issued the decision in E.R.G.

. In my writing in E.R.G., I did not discuss the necessary weight that should be afforded a presumption in favor of the parent’s decision, because that was not an issue in that case. Instead, the version of the GVA at issue in E.R.G. gave the parent’s decision no special weight, and the GVA could not be construed to provide the weight necessary to survive a constitutional challenge: “Because the legislature [in enacting the prior version of the GVA,] ... although recognizing a fit parent’s decision, gave that decision no more weight than any other factor, I cannot agree that the [GVA] can be further construed so as to give a parent’s decision the weight the legislature did not provide.” E.R.G., 73 So.3d at 678 (Shaw, J., concurring in the result).