MOORE, Judge,
dissenting.
This appeal arises from a judgment of the Calhoun Juvenile Court (“the juvenile court”) finding E.P. (“the child”), the child of J.P. (“the father”) and H.M. (“the mother”), dependent and denying the father and the mother custody of the child. The father appeals, arguing that the evidence does not support the judgment.
In this case, the Calhoun County Department of Human Resources (“DHR”) filed a petition asserting the dependency of the child.
“Our supreme court has declared that [the Department of Human Resources] has the burden of proving dependency by clear and convincing evidence. See Ex parte Floyd, 550 So.2d 982 (Ala. 1989); and Ex parte R.E.C., 899 So.2d 272, 279 (Ala.2004). This burden properly rests with [the Department of Human Resources] because of the fundamental constitutional right to family integrity. See Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). A state may deprive a parent of custody of a child only when a compelling governmental interest, such as the protection of the child, exists. See L.B.S. v. L.M.S., 826 So.2d 178 (Ala.Civ.App.2002); and R.S.C. v. J.B.C., 812 So.2d 361 (Ala.Civ.App.2001) (plurality opinion). Therefore, the burden should rest with the state, as the party claiming the right to interfere with the integrity of the family, to prove the existence of the compelling circumstances warranting its intrusion. See Santosky, supra.”
J.B. v. Cleburne Cty. Dep’t of Human Res., 992 So.2d 34, 49-50 (Ala.Civ.App.2008) (Moore, J., dissenting). Accordingly, a juvenile court may find a child to be dependent and, on that basis, withhold custody of a child from his or her parents only if the grounds contained in Ala.Code 1975, § 12-15-102(8), are proven by clear and convincing evidence. See Ala.Code 1975, § 12-15-310(b).
DHR basically asserted that the father lacked the mental faculties to properly parent the child such that the father is “unable or unwilling to discharge his or her responsibilities to and for the child.” Ala.Code 1975, § 12-15-102(8)a.6. “[T]he law presumes that a custodial parent is fit in every respect to care for his or her children.” T.J. v. Calhoun Cty. Dep’t of Human Res., 116 So.3d 1168, 1175 (Ala.Civ.App.2013). “The law ... does not place the burden on a parent to prove his or her mental-health fitness to the State in order to sustain his or her custody rights.” Id. at 1174. The law totally, and rightfully, rejects any contention that the State can withhold custody of a child until DHR has “plenty of time to work with the[] parents to see if they have the ability to take care of [the child],” as the guardian ad litem inaptly stated. “In order for the *1183 State to intrude into the solicitude of a family and to alter the custodial rights of a parent, the State bears the burden of proving by clear and convincing evidence that the parent is unfit to care for the child.” Id. at 1175. That evidentiary standard is not lessened in any respect because the case involves “only” a dependency determination and not a permanent termination of parental rights.
“Clear and convincing evidence” is “ ‘ “[ejvidenee that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.’”” C.O. v. Jefferson Cty. Dep’t of Human Res., 206 So.3d 621, 627 (Ala.Civ.App.2016) (quoting L.M. v. D.D.F., 840 So.2d 171, 179 (Ala.Civ.App.2002), quoting in turn Ala.Code 1975, § 6-11-20(b)(4)).
“ ‘[Tjhe evidence necessary for appellate affirmance of a judgment based on a factual finding in the context of a case in which the ultimate standard for a factual decision by the trial court is clear and convincing evidence is evidence that a fact-finder reasonably could find to clearly and convincingly ... establish the fact sought to be proved.’
“KGS Steel[, Inc. v. McInish], 47 So.3d [749] at 761 [ (Ala.Civ.App.2006) ].
“To analogize the test set out above by Judge Prettyman [in Curley v. United States, 160 F.2d 229, 232-33 (D.C.Cir. 1947),] for trial courts ruling on motions for a summary judgment in civil cases to which a clear-and-convincing-evidence standard of proof applies, ‘the judge must view the evidence presented through the prism of the substantive evidentiary burden’; thus, the appellate court must also look through a prism to determine whether there was substantial evidence before the trial court to support a factual finding, based upon the trial court’s weighing of the evidence, that would ‘produce in the mind [of the trial court] a firm conviction as to each element of the claim and a high probability as to the correctness of the conclusion.’ ”
Ex parte McInish, 47 So.3d 767, 778 (Ala.2008). The appellate court does not reweigh the evidence, but determines whether the findings of fact made by the juvenile court are supported by evidence that the juvenile court could have found clear and convincing. See Ex parte T.V., 971 So.2d 1, 9 (Ala.2007). When those findings rest on ore tenus proceedings, this court presumes their correctness. Id. We review the legal conclusions to be drawn from the evidence without a presumption of correctness. J.W. v. C.B., 68 So.3d 878, 879 (Ala.Civ.App.2011).
The evidence shows that, shortly after the birth of the child, DHR received a report from hospital staff that the father appeared to be “low functioning.”[4] Based on that report, DHR requestéd that the father undergo a' parenting assessment. *1184 Amy Estell, a licensed professional counselor, conducted the parenting assessment. DHR did not submit' the assessment into evidence. Estell did not testify as to.the specific results of that assessment. Although Estell did testify that the father had' “struggled” to grasp some “principles,” the record contains no clear , evidence indicating that the father currently suffers from any mental deficiency.. Although Estell alluded to substance-abuse and mental-health problems, her testimony remained vague on those points and DHR did not clarify whether those problems currently affected the father,
More pointedly, the evidence does not establish that the father lacks the ability to meet the minimum requirements to adequately parent the child. The evidence suggests that the child may have a “genetic” disease requiring special medical care, but DHR presented no evidence of the specific care required or that the father necessarily would not be able to provide that care. Estell acknowledged that the father could feed the child and change diapers. Estell criticized both parents for “learning as they go,” but she admitted that many new parents-also do not know certain developmental milestones and that parents generally depend on advice from pediatricians in that regard. Estell repeatedly stated that she “had concerns” as to.whether the father could adequately parent the child; however, Estell did. not identify any specific parenting responsibility that the father could not discharge. Whatever information caused Estell “concerns,” DHR failed to elicit that information so that the juvenile court reasonably could determine whether her concerns were valid and proved the inability of the father to care for the child.
DHR charged the father with such intellectual dysfunction that he could not safely parent the child. Through its questioning of Estell it should have proven not only the existence and severity of that alleged mental disability, but also its necessary- impediment to the father’s discharge of ordinary parenting skills and to those specific parenting skills required by the special needs of the child. Estell hinted at each of those facts, but she did not disclose-any specific information' to support- her conclusory opinions.
“It must appear to all, that if the facts as they are charged, actually exist, there could be but little difficulty in establishing the same -by evidence, which would be perfectly satisfactory in its character; but that disclosed by the record, produces no such conclusion—the examination of the witnesses was evidently conducted by those unskilled in the art, or not aware of the importance of presenting' facts for the consideration of the Court, and although enough is disclosed to induce the belief that the witnesses knew more, and could perhaps have stated facts, which, if disclosed, might have established the material allegations of the bill—yet it would be highly dangerous, as well as manifestly illegal, for any Court to act on facts which might, but which have hot, been established by testimony.”
Richardson v. Richardson, 4 Port. 467, 474 (Ala.1837). Estell’s ill-defined and almost totally conclusory testimony,.the only evidence upon which the juvenile court could have rested its determination, does not satisfy our exacting standard of review.
A natural parent has a fundamental right to care for his or her'child, and the State may infringe upon that right only in cases of clear and convincing evidence of unfitness. See Santosky v. Kramer, 455 U.S. 745, 760, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). A judicial determination that a child is dependent authorizes the State to assume the parental decision-making role and to delegate the physical care of a child *1185 to third parties. That infringement upon parental autonomy and care, even if temporary, can be justified only in clear cases evincing the necessity for State intervention for the protection of the child. I join Judge Donaldson in concluding that evidence that a new parent will need to learn how to perform his or her parenting duties, that the parent may struggle while in that learning process, and that the State has some unexplained concerns about that parent does not satisfy such a high eviden-tiary and substantive standard. Hence, I dissent from the court’s decision to affirm the judgment.
DONALDSON, J., concurs.

. The main opinion states:
"Hospital employees contacted the Calhoun County Department of Human Resources ('DHR') to report that the mother had had no prenatal care, that the mother had uncontrolled diabetes, that the mother had tested positive for marijuana the day before the child was born, that the child had been experiencing feeding difficulties, that the child was suffering from neonatal hypoglycemia, that the parents had displayed ‘lower mental functioning,’ and that the mother had alleged and then denied ‘domestic-violence issues’ to hospital employees.”
222 So.3d at 1178, That excerpt summarizes the allegations in the dependency petition filed by DHR, most of which were not substantiated by any evidence at trial. In analyzing the evidence to determine whether it supports the judgment, I do not consider any unproven allegations in the petition.